16937

ELIZABETH B. FORESTER, Respondent v. W. EUGENE
FORESTER, Appellant
(85 S. E. (2d) 187)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, for *Appellant,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, for *Respondent,*

December 7, 1954.

STUKES, Justice.

Appellant and respondent were married in 1948 and lived together until about April 12, 1953. At the time of the commencement of this action in August, 1953, by the wife for separate maintenance, their two children were about four

years and one year of age. Appellant is a merchant in Hemingway but the family lived in nearby Lake City. When he came home from the store on a Saturday night there was an argument between him and his wife, the respondent, which was a continuation of his long-standing insistence that she change her physician. The record is clear that he was jealous of her young doctor and objected to the personal examinations which she underwent at his hands.

By prearrangement the family went on the next day, which was Sunday, to visit respondent's parents at their home in Columbia. Appellant remained until Monday morning, when he returned to his business and left his family in Columbia for a further visit. By telephone call to respondent a few days later he learned from her that she intended to remain away, and visit her sister in Norfolk, Virginia. During the next week she returned to their Lake City home for clothing for herself and her children and appellant found her there and was told by her that she did not intend to live with him any longer. He tried then and later, by personal calls and letters, to induce her to return, but she was adamant. These solicitations, which carry the conviction of sincerity, were several times repeated during the trial under review.

The matter was first heard by the court on respondent's motion for temporary alimony and both parties testified at length. At the conclusion of respondent's testimony she was questioned by the court, and answered as follows:

"Q. I gather from what you have testified to so far that you have been very specific and methodic in your statements you would not consider living with him again, re-establishing your home with him and that your reasons for that are that he has what you call an uncontrollable temper, and that he has accused you of having an affair with another man, and that he has been unduly severe, according to you, in the disciplining of the children—are those your reasons for your refusing to go back to him? A. Yes, sir.

"Q. Any other reasons? A. I believe those are the ones. There might be some minor reasons."

Temporary alimony and suit money were awarded by the court; and the case was heard on the merits, without reference, a few months later and in her testimony at that time respondent added grounds for separation which were not included in her complaint or referred to in her testimony at the first hearing. They were in effect that appellant insisted upon sexual relations too close in time to the birth of her children; but it was not claimed that he used compulsive force to obtain her submission, or that injury resulted.

The proof is patently insufficient to justify respondent in leaving her husband and their home, whereby he would be guilty of constructive desertion. It did establish him to be a jealous and at least occasionally inconsiderate husband, and that she is intolerant of his weaknesses. It need not be reviewed in detail. The neighbors and the couple's former and present pastor testified in behalf of appellant that he was a normally kind and affectionate husband and father. His effort to train and discipline his son, which respondent opposed, is praiseworthy, particularly in this day of generally undisciplined children.

While the appellant's request that respondent have an older doctor was not warranted by any facts, it is understandable. The couple are young and the former family physician about the same age and a boyhood and lifelong friend of appellant who defended his position by contending that these considerations, and the fact that they and the doctor were intimate social friends and associates, caused him to prefer that his wife have an older physician. It is significant that before this action the doctor and his wife conferred with appellant and respondent together, in an effort to reconcile the latter; and that the doctor testified in behalf of appellant.

Respondent defended her course to others by saying that she took it because of "a lot of little things." She repeatedly

complained in her testimony of appellant's fishing proclivities; he usually went on weekly fishing trips, frequently staying overnight; and she seldom accompanied him, although asked. There is no charge of infidelity or physical cruelty or threats by the husband to the wife. "A lot of little things" do not warrant one in forsaking the marital obligation. The trial court in this case pertinently reminded respondent on the witness stand of her marriage vow to take her husband, quoting, "for better or worse, richer or poorer, in sickness and in health, 'til death do us part."

Counsel for respondent mistakenly contend at the outset of their brief that the appellate power and jurisdiction of this court over this equity case are practically the same as if we were reviewing a case at law and that the judgment of the lower court is similar in that aspect to the verdict of a jury, for which they cite decisions which were rendered before the adoption of the Constitution of 1895. The latter wrought material change in that respect. "We have jurisdiction in appeals in equity to find the facts in accord with our view of the preponderance or greater weight of the evidence, in the absence of verdict by jury." *Gilbert v. McLeod Infirmary*, 219 S. C. 174, 64 S. E. (2d) 524, 528, 24 A. L. R. (2d) 60. In *Wise v. Wise, infra,* 60 S. C. 426, 38 S. E. 794, which involved the same issues as does the case in hand, it was concluded and said at 60 S. C. at page 449, 38 S. E. at page 802: "Whatever differences of opinion may once have existed as to the rule which should govern where an appellant, as in this case, asks this court to reverse the findings of fact by the circuit judge, in an equity case, it must now, since the decision in *Finley v. Cartwright,* 55 S. C. 198, 33 S. E. 359, be regarded as settled 'that this court may reverse a finding of fact by the circuit court when the appellant satisfies this court that the preponderance of the evidence is against the finding of the circuit court'."

."There is no statute in this state undertaking to fix the grounds for separate maintenance and support. This is left to the broad discretion of a court of

equity." *Machado v. Machado*, 220 S. C. 90, 103, 66 S. E. (2d) 629, 634. Our earliest cases on the subject are interestingly reviewed in 141 A. L. R., at page 439.

*Levin v. Levin,* 68 S. C. 123, 46 S. E. 945, is a leading case, in which alimony was awarded. Comparison of the facts there and here shows how inadequate the instant facts are to warrant the relief. The court there said:

"The grounds upon which alimony should be allowed are thus stated in *Wise v. Wise,* 60 S. C. 447, 38 S. E. [794] 802, after a review of the decisions in this State: '(1) Desertion of the wife by the husband, without just cause. * * * (2) Where the husband inflicts upon his wife, or threatens her with, bodily injury, amounting to the *saevitia* of the civil law, which is defined "to be personal violence actually inflicted or menaced, and affecting life or health." (3) Where the husband practices such obscene and revolting indecencies in the family circle, and so outrages all the sentiments of delicacy and refinement characteristic of the sex that a modest and pure-minded woman would find these grievances more dreadful and intolerable than the most cruel inflictions upon her person'."

Reference to the opinion of the court, by Justice McIver, in *Wise v. Wise, supra, beginning* at 60 S. C. at page 442, 38 S. E. 794, disclose a factual situation far more favorable to the contention of the wife than that here presented, and alimony was refused.

The judgment under appeal, which is reversed, awarded monthly support to respondent and her children jointly, and gave her the custody of them. It concluded with the provision that either party might apply for modification of the order in this respect. The matter is thus open for further proceedings and, if there is no reconciliation, either party may apply by appropriate pleading for custody of the children and if such should be awarded to the mother upon her application, appellant may be required to support them by suitable monthly payments to the custodian or otherwise,

as the court may direct after hearing. (Fortunately, respondent, who is a university graduate, has obtained remunerative employment as a public welfare worker and is self-supporting.)

Reversed and remanded.

BAKER, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.