19089

Betty F. GUINAN, Respondent, v. Robert F. GUINAN, Appellant

(176 S. E. (2d) 173)

*Messrs. Law, Kirkland, Aaron & Alley,* of Columbia, *for Appellant,*

*Messrs. N. Welch Morrisette, Jr.,* and *Charles B. Bowers,* of *Berry, Lightsey, Gibbes and Bowers,* of Columbia, *for Respondent,*

July 28, 1970.

BRAILSFORD, Justice:

In this action for divorce, brought by the wife in the Richland County Court, the husband appeals from an adverse decree whereby the wife was awarded a divorce on the ground of physical cruelty and custody of a minor son and daughter, and the husband was ordered to convey to the wife his interest in the family residence, which inferentially, is owned by the parties as tenants in common, and all of the furniture therein.

The parties were married in 1961 and have no natural children of their own. The son and daughter are the children of the wife by a former marriage, and are the adopted children of the husband.

The first exception challenges the sufficiency of the evidence to establish physical cruelty within the meaning of the divorce statute. This exception must be sustained. In this respect, the complaint alleges only that on March 23, 1969, "the Defendant beat, hit, slapped and otherwise abused the Plaintiff, * * *." The scant record on appeal contains brief excerpts from the testimony of three witnesses, including the wife. This testimony is strictly confined to the one incident referred to in the complaint. It reveals nothing of the prior or subsequent relationship of the parties. The strongest inference which can be drawn from the testimony

is that on this occasion, while quarreling, the husband and wife mutually engaged in a scuffle (shoving, pushing and pulling each other between two bedrooms) during which the husband choked the wife to some extent, sufficient to cause bruises on her throat. The wife did not testify that she was in fear of her husband either before, during or after this scuffle or that he applied sufficient pressure to her throat to cause her pain or to interfere with her breathing. The evidence is simply not susceptible of the inference that the husband's conduct on this occasion was of such atrocity as to take the case out of the general rule that a single act of physical cruelty does not constitute grounds for divorce, nor was there any evidence of precedent or attendant circumstances raising an apprehension that such act would likely be repeated. Hence, the evidence was insufficient to establish physical cruelty within the meaning of the statute. *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330 (1949) ; *Godwin v. Godwin,* 245 S. C. 370, 140 S. E. (2d) 593 (1965).

Without any findings of fact, other than her suitability as a custodian, the court awarded custody of the two children to the wife. At the time of the hearing the boy was sixteen years of age and in the eleventh grade in school. (He became seventeen on March 8, 1970, and, inferentially, is a rising high school senior.) As a witness, the boy stated that he regarded his adopted father as his real father and loved him as such, and that he preferred to live with him than to live with his mother. The father charges that the court erred in disregarding the wishes of the boy and awarding custody to the mother. We agree.

Ordinarily, the wishes of a child of this boy's age, intelligence and experience, although probably not controlling, *Ex parte Reynolds,* 73 S. C. 296, 53 S. E. 490 (1906), are entitled to great weight in awarding his custody as between estranged parents. Annot., 4 A. L. R. (3d) 1396, 1434 (1965). The court made no finding of fact tending to offset this important factor in awarding custody,

and the record before us is bare of any evidence tending to do so. Absent any evidence tending to establish that the best interest of the boy would be served by awarding his custody to the mother, the court erred in failing to allow him to live with the parent of his choice.[1]

We need not consider the grounds on which the ■ husband challenges the order that he convey property to the wife. This provision of the decree was incidental to the award of a divorce to the wife and falls with the reversal of the divorce decree. Cf. *Crowder v. Crowder,* 246 S. C. 299, 306, 143 S. E. (2d) 580, 584 (1965). The award of custody of the daughter to the mother is not involved on the appeal and is unaffected by our judgment. In other respects, the decree is

Reversed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.

---

[1] The following unorthodox provision of the decree suggests that the court had misgivings about awarding custody against the wishes of the boy: "IT IS FURTHER ORDERED that should Jimmy Guinan's conduct become uncontrollable by the Plaintiff as a result of acts or failure to act by the Defendant, upon Petition of this Court by the Plaintiff, the Defendant shall be held in contempt and incarcerated in the County Jail with proper sentence."