## 19333

Ella Lockwood SHECUT, Respondent, v. James C. SHECUT, Appellant.

(185 S. E. (2d) 895)

Brailsford, J., did not participate.

*Messrs. Robert P. Wilkins,* of *McKay, McKay, Black, Sherrill, Walker & Wilkins,* and *Harvey L. Golden,* Columbia, *for Appellant,* cite:

*Messrs. James W. Alford,* of *Fulmer, Berry & Alford,* Columbia, and *F. Hall Yarborough,* Orangeburg, *for Respondent,* cite:

*Messrs. Robert P. Wilkins,* of *McKay, McKay, Black, Sherrill, Walker & Wilkins,* and *Harvey L. Golden,* Columbia, *for Appellant, in Reply,* cite:

December 14, 1971.

*Per Curiam:*

As the result of an action brought by respondent, Mrs. Ella Lockwood Shecut, against her husband, the appellant Dr. James C. Shecut, the Family Court of Orangeburg County awarded respondent custody of two minor children of the parties, the sum of $1105.00 per month as alimony and child support, and $2500.00 as counsel fees. Appellant does not question in this appeal the provisions of the order of the lower court granting custody of the children to respondent. Although appellant recognizes his obligation to support respondent and the children, he challenges here the award for alimony, child support, and counsel fees, basically, upon the grounds that he has, within his means, at all times provided adequately for his family and the amount awarded is excessive.

After a careful review of the record and the order of the lower court, we are convinced that the issues involved in this appeal have not received the required judicial consideration by the trial court, and the cause must be reversed and remanded. The record before us is inadequate and the findings are so indefinite as to afford no proper basis for appellate review. While the power to remand a cause, without decision, because of the inadequacy of the record and the findings of the lower court, is reluctantly exercised, we think remand in this case is necessary for a proper determination of the issues.

The basic issue in this appeal concerns the amount awarded for alimony and child support. This must be determined by the reasonable requirements of the respondent and the children and the ability of the appellant to pay. The record affords a most unsatisfactory basis for determining either.

The order of the lower court failed to allocate the amount awarded between the wife and children. Admittedly, remand is necessary for the purpose of making such allocation. Additionally, the order provides that respondent shall be "allowed to continue to occupy the residence" in Orangeburg, South Carolina, but fails to define appellant's financial obligations in connection with such occupancy. Further, the order fails to determine whether the award for support includes the college expenses for one of the children or whether appellant is required to pay these expenses in addition to the monthly payment of $1105.00. These matters become important in determining the reasonableness of the award for support, since the record shows that appellant has been paying many of the household expenses and the college expenses of one of the children.

Under all of the circumstances, we have concluded that, in order to do justice to all parties concerned, the judgment should be reversed and the case remanded to the lower court for a new trial and a redetermination of the issues.

In remanding the case, however, it is necessary that we dispose of the question raised by appellant as to whether the judgment in a prior action between the parties is *res judicata* with respect to the issue of the adequacy of the support which appellant was obligated to pay.

In December 1968, respondent instituted an action in the court of Common Pleas for Orangeburg County against the appellant for a divorce and support. That action resulted in a decree, dated December 29, 1969, denying the divorce and refusing to direct the payment of any specific amount for support. The failure to include in the decree an amount for support was based upon the finding that appellant was "adequately supporting his family." The present action was instituted in the Family Court of Orangeburg County in June 1970, about six months later, again seeking an award for support for respondent and the minor children, upon allegations that the amount then contributed by appellant for the support of respondent and the minor children "is far less than that amount necessary for their reasonable support and far less than the amount respondent could reasonably afford for support of his family."

Appellant contends that the holding in the decree of 1969, that the level of support then provided by appellant was adequate, is *res judicata* with respect to the issue of what amount appellant is now required to contribute as support.

The plea of *res judicata* is an affirmative defense and must be plead. *Connell v. Connell*, 249 S. C. 162, 153 S. E. (2d) 396. It was not plead in the answer and was properly not considered a bar to the present action.

The judgment of the lower court is accordingly reversed and the case remanded for a new trial.

BRAILSFORD, J., not participating.