19437

Paula J. Parler SAYLER, Appellant, v. Mr. and Mrs. A. R. PARLER, Respondents

(189 S. E. (2d) 294)

*Messrs. Fogle & Watson,* of Orangeburg, *for Appellant,*

*Messrs. Bryant, Fanning & Yarborough,* of Orangeburg, *for Respondents,*

*Messrs. Fogle & Watson,* of Orangeburg, *for Appellant, in Reply.*

June 7, 1972.

*Per Curiam:*

This case involves the custody of Robert Ward Parler, a minor who was born on November 21, 1964. The appellant is the natural mother of the minor and the respondents are his paternal grandparents. The present proceeding, not the first involving the custody of this minor, was commenced by appellant in the Family Court of Orangeburg in March,

1971, and the appeal is from an order of that court, dated April 9, 1971, awarding custody of the minor to the respondents.

The questions involved are numerous and variously stated in argument by counsel. A careful review of the record convinces us, however, that the various issues involved in this case have simply not received the required judicial consideration by the trial court and the judgment must, therefore, be reversed and the cause remanded. *Cf. Shecut v. Shecut,* S. C., 185 S. E. (2d) 895. Here, as in *Shecut,* the power to remand a cause without decision is reluctantly exercised but we deem a remand and a completely new trial necessary for a proper and just disposition of the issue of the custody of this minor.

Since there must be a completely new trial, we refrain from discussing in detail either the issues or the evidence. For the guidance of the trial court, however, we deem it appropriate to comment upon the law as to the Tennessee judgment involved in this case. The United States Supreme Court has repeatedly reserved and declined to expressly decide the question of whether and to what extent the Full Faith and Credit clause of the Federal Constitution requires a recognition of a custody judgment of a sister state. *Ford v. Ford,* 371 U. S. 187, 83 S. Ct. 273, 9 L. Ed. (2d) 240; 239 S. C. 305, 123 S. E. (2d) 33; *Kovacs v. Brewer,* 356 U. S. 604, 607, 78 S. Ct. 963, 965, 2 L. Ed. (2d) 1008; *N. Y. ex rel. Halvey v. Halvey,* 330 U. S. 610, 615-616, 67 S. Ct. 903, 906-907, 91 L. Ed. 1133.

In the *Ford* case the United States Supreme Court held that even if the Full Faith and Credit clause were held applicable to a custody decree, South Carolina, nevertheless, would not be required to treat as *res judicata* a "dismissed agreed" custody order of a Virginia court. The basis of the decision was simply that under the circumstances the particular decree would not have been *res judicata* or conclusive upon a Virginia court in a subsequent proceeding.

Despite the fact that the United States Supreme Court has so far refrained from passing upon the basic constitutional issue, the general rule nevertheless prevails, throughout the nation, that the judgment of a court of one state as to the custody of children, after a hearing on the merits, must in the absence of fraud or want of jurisdiction be given the same full effect in every other state, as to the facts before the court at the time such judgment was rendered. Of course, such a judgment is not entitled to any greater force or effect elsewhere than in the state of rendition and does not prevent a change in custody by another court based upon a subsequent and substantial change of condition. 24 Am. Jur. (2d) 1135, Divorce and Separation, Sec. 998; 50 C. J. S. Judgments § 889 h (5), p. 487; *Hartley v. Blease,* 99 S. C. 92, 82 S. E. 991.

The judgment of the lower court is, accordingly, reversed and the cause remanded for a new trial upon all issues.

Reversed and remanded.