### 19538

Alexander C. MOORHEAD, Respondent, v. Jean Poole Moorhead SCOTT, Appellant.

(193 S. E. (2d) 510)

*Messrs. R. Frank Plaxco* and *Earle G. Prevost,* of *Leatherwood, Walker, Todd & Mann, for Appellant,*

Charles B. Richardson, III, Esq., of *Mann, Foster, Richardson & Fisher,* Greenville, *for Respondent,*

December 13, 1972.

LITTLEJOHN, Justice:

This is an appeal from an order of the Greenville County Family Court changing previously court-ordered custody of three minor children from the defendant mother to the plaintiff father. We are called upon to determine if the evidence presented warranted the ordered change of custody and whether the defendant mother should be awarded attorneys fees.

This proceeding is one in a long, continuing struggle between the parties. The complaint alleges a change in condition as evidenced by:

(1) The desires and wishes of the children to live with the father;

(2) The lack of spiritual guidance on the part of the mother;

(3) The impropriety of the mother in possessing and keeping in her home an unlawful drug (marijuana).

The mother interposes a general denial and alleges that the father is obsessed with the idea of removing custody of the children from her; that the father has coaxed, cajoled, and exhorted the children so they cannot make a rational choice; that the father is mentally unequipped to raise three small children; that the father does not maintain a fit and proper home; and concludes by asking the court for attorneys fees and a $200.00 per month increase in child support.

A hearing was held in the Greenville County Family Court. The judge filed his order, in which he found there had been a substantial change in conditions surrounding the custody of the three minor children since custody was originally placed with the mother, December 11, 1968. He also found that the welfare of the children would be best served by placing them in the custody of the father. Their ages are 8, 11 and 12.

The mother appeals from this order.

This action is one in equity. The case was tried by the judge without a reference. Therefore, this Court will determine the facts in accordance with our own view of the preponderance or greater weight of the evidence. *Tyler v. Guerry*, 251 S. C. 120, 160 S. E. (2d) 889 (1968); *Forester v. Forester*, 226 S. C. 311, 85 S. E. (2d) 187 (1954).

In a custody dispute, the controlling factor and the paramount consideration is the welfare of the children. *Pullen v. Pullen*, 253 S. C. 123, 169 S. E. (2d) 376 (1969, and cases cited therein; South Carolina Code of Laws §§ 20-115 and 31-51 (1962).

This Court has stated the criteria by which to measure a change in condition in order to warrant a change in custody. The party asking for a change in custody assumes the burden of proof and must show new facts and circumstances that would substantially affect the interests and welfare of the child. *Sharpe v. Sharpe*, 256 S. C. 517, 183 S. E. (2d) 325 (1971); *Powell v. Powell*, 256 S. C. 111, 181 S. E. (2d) 13 (1971); *Pullen, supra.*

When full custody of the three children was granted by the court to the mother on December 11, 1968, a separation and divorce was imminent. The divorce was finalized October 1, 1969. Apparently, the children have lived with the mother in a home provided by her with the aid of child support payments contributed by the father.

On August 12, 1971, the mother married Carey Scott, an aviator employed by a textile plant. After this marriage, the mother and Mr. Scott, together with the three children and a thirteen year old son of Mr. Scott by a previous marriage, have maintained a home near where the father resides. Mr. Scott's first wife was granted custody of their thirteen year old son, but he does not stay with the first Mrs. Scott who resides in Florida. The mother of the three children is regularly employed as a school teacher. A maid comes about the middle of the day and stays with the chil-

dren until the mother returns home from school. The father was granted and has taken advantage of liberal visitation privileges. He contends that he has kept the children 43% of the time. It would appear that the arrangement has worked reasonably satisfactorily.

About three weeks after the mother married Mr. Scott, the father commenced this action. The grounds alleged as a basis for relief sought have been set out hereinabove.

The judge based his conclusion, that a substantial change of conditions had come into being, mainly on the fact that there was evidence of an adjustment problem in the new home life of the mother and Mr. Scott. He also gave weight to the fact that the children now indicate a preference to live with their father, and gave weight to the fact that the mother had brought home from school a marijuana cigarette found in the desk of one of the pupils. In addition, he concluded that the father would provide better spiritual guidance.

We think that a fair analysis of the trial judge's order warrants the conclusion that the principal change of condition relied upon was the adjustment problem of the three children on one hand, and Mr. Scott and his thirteen year old son on the other hand. It would be unusual if some adjustment problems did not come into being under the circumstances of this new marriage. This action was commenced about three weeks after the marriage and the testimony was taken about three months thereafter. At the time the action was commenced and at the time the testimony was taken, we doubt that the parties had been given ample opportunity to make a satisfactory adjustment. The three children are described by the judge as being mature and intelligent. It cannot be said from the record before us that the mother, to whom custody has heretofore been granted, has not trained the children well. There is certainly nothing in the record to indicate that this family group cannot be reasonably well expected to make proper adjustments, given the appropriate time.

The father is a salesman for a drug company. He must, of course, be away from home at his employment. He proposed to employ a full time housekeeper to attend to the children for him while he is away.

The remarriage of a divorced mother or father has very often been the basis of a change in condition. Annot. 43 A. L. R. (2d) 363 (1955). However, this change is not ordinarily of an adverse character and is most often used as a basis to gain custody rather than a reason to lose it.

Absent the showing that the step-father is of a character that would be detrimental to the children's interests, we cannot accept the adjustment problem in this case as warranting a change in custody.

One of the children found a marijuana cigarette in the mother's dresser drawer. She had brought this from the school where it was found in the desk of a student. Nothing in the record would indicate that she used the marijuana, and the most that can be said is that we agree with the trial judge when he found that failing to destroy the same was poor judgment.

We cannot say that the judge should not have given some weight to the desires of the children. He did not give controlling weight to this facet of the case. Normally small children prefer to live with the most permissive parent. This is not always best for the child.

Our Court has given little significance to the wishes of a six year old child. *Poliakoff v. Poliakoff,* 221 S. C. 391, 70 S. E. (2d) 625 (1952). On the other hand, our Court has given great weight to the wishes of a child sixteen years of age. *Guinan v. Guinan,* 254 S. C. 554, 176 S. E. (2d) 173 (1970). It is clear that the wishes of a child of any age may be considered under all the circumstances, but the weight given to those wishes must be dominated by what is best for the welfare of the children.

The record does not reflect that the spiritual guidance is any different from that given by the mother when she was

awarded original custody. Certainly, without a difference, a change in custody is not warranted.

We are convinced from the record that it would be far more beneficial for the three minor children to live with their mother and her new husband than it would be for them to live with their father.

We conclude that the trial judge was in error in changing permanent custody from the mother to the father. We further find that the father should pay attorneys fees for the mother's attorney, and the lower court shall determine the amount and direct payment. The order of January 5, 1972 is reversed. The previous directive granting custody to the mother remains in effect.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.