19673

Robert B. SMITH, Respondent, v. Clara Susan SMITH, Appellant
(198 S. E. (2d) 271)

82

[redacted]

*Eddie R. Harbin, Esq.,* of Greenville, *for Appellant,* cites:

[redacted]

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for the Respondent,* cite: [redacted]

[redacted]

August 2, 1973.

LEWIS, Justice.

This is a controversy between divorced parents over the custody of their son who is now approximately eight (8) years of age. The parties separated in March 1970 and the wife was granted a divorce by the Greenville County Family Court on March 11, 1971 on the ground of physical cruelty. The divorce decree awarded custody of the child, then six years of age, to the mother, with reasonable visitation privileges to the father and the requirement that he pay $15.00 per week as child support. At that time all parties resided in Greenville County.

In June 1971, the mother, without notice to the Greenville Family Court or the father, left with relatives and moved to

Omaha, Nebraska. The testimony is in dispute as to the cause for her leaving Greenville. She says it was because of threats and harassment by the father, which he denies. She lived in Nebraska for about two and one-half months and then moved to Fairfield, California, where she and the child lived in the home of an aunt. The whereabouts of the mother and child were not known by the father until August 1971, at which time he went to California, persuaded the mother to let him have the child for a day, upon representations that he desired to purchase him some clothes; and having so gained possession, immediately brought the child back to South Carolina.

Upon his return to South Carolina, the father instituted this proceeding to have the Family Court change custody of the child from the mother to him. (Both parents have re-married—the mother living with her second husband in Fairfield, California, and the father with his second wife in Greenville, South Carolina.) After hearing the testimony and receiving reports of investigations made of the respec-tive family situations of the mother in California and the father in South Carolina, the lower court concluded that it was in the best interest of the child that he be placed in the custody of the father; and an order was entered to that effect, with reasonable visitation privileges to the mother. From this order the mother has appealed.

The mother contends that the lower court erred in award-ing custody to the father because (1) there was no evidence to show a change in condition of such substantial character as to justify a modification of the previous custody order, and (2) she did not receive a "fair and prompt trial in com-pliance with the Family Court rules."

The general rule, supported by all cases in this juris-diction, is that a child custody decree is not final, but is subject to modification or change upon the show-ing of a material change in conditions affecting the welfare of the child.

The lower court made no finding of moral unfitness of either parent; and the only new developments, since the original custody order, were the remarriage of the parents and the change of the residence of the mother from Greenville, South Carolina, to Fairfield, California. There is no showing that the present home of the mother is unsuitable or that, if custody remains with her, the child would not receive reasonable and proper care.

There is an exhaustive annotation in 43 A. L. R. (2d) 363 on remarriage as a ground for modification of a child custody decree. At page 389, Section 4(a) of the annotation the applicable general rule is stated:

"Where both of the parties have remarried, the custody of a child will not ordinarily be transferred from the one to whom it was originally awarded where it is not shown that the home of such parent is unsuitable or that the child is not receiving reasonable and proper care. As in other cases, however, the welfare of the child is the controlling consideration, and the change in conditions consequent upon such remarriages may be so material as to justify or require the modification of the custodial decree."

There is nothing in this record to show that the remarriage of the mother constituted such a change in conditions as would justify a modification of the previous custody order.

The lower court was influenced in changing custody by the fact that the mother removed the child from the State without the knowledge or permission of the court or the father. The original decree granting custody to the mother was silent as to the place where the mother and child were to live, and, since the decree contained no direction as to place of residence, the mere fact that the mother went to another State to live with relatives did not constitute a material change in conditions justifying a transfer of custody to the father. 24 Am. Jur. (2d) Divorce and Separation, Section 797.

Assuming however, that the action of the mother in removing the child from the State deprived the father of visitation and constituted a violation of the custodial decree, such could only be considered in determining the welfare of the child. The court may not award or change custody to, punish a parent for acting in violation of the orders of the court. 24 Am. Jur. (2d) Divorce and Separation, Section 820, p. 932.

There was testimony that the mother left the State to live with her relatives because of threats and harassment by the father and his failure to provide support as ordered. While the mother left without notice to the court or the father, she apparently lived openly with her relatives, where she was visited by the father within three (3) months after she moved. There is no testimony that the mother failed to properly care for the child during the time. While we do not condone the removal of the child from the State by the mother without notice to the court or father, we find nothing in this record to indicate that the action of the mother in leaving the State with the child to live with her relatives adversely affected the welfare of the child or showed such disregard for the orders of the court as would make it improper to continue to trust her with the child's custody.

The lower court also placed great emphasis upon the expressed preference of the child, then seven (7) years of age, to reside with his father. The mere fact that the seven year old child expressed a desire to live with his father did not constitute a change in condition sufficient to warrant a change in custody. *Moorehead v. Scott,* 259 S. C. 580, 193 S. E. (2d) 510.

The significance to be attached to the wishes of the child in a custody dispute depends upon the age of the child and the attendant circumstances. We pointed out in *Moorehead* that "the wishes of a child of any age may be considered under all the circumstances, but the weight given to those wishes must be dominated by what is best for the welfare of the children."

The child in this case had been in the custody of the father for some time prior to the hearing in the lower court. The record strongly indicates that the wishes of the child may have been influenced by a permissive attitude on the part of the father. The report of the probation officer of the Family Court, although recommending that custody be given to the father, summarized her view as to the child's wishes as follows:

"Robbie expressed a desire to stay with his father, but to be allowed visitation with his mother. He pointed out few negatives as far as living with his mother and his motives for wanting to stay with his father are questionable as pointed out by Linda Smith (the father's second wife). She feels Robbie is given more in all ways from his father now because of the tension of not knowing if Robbie will get to stay with him. Robbie knows this and is able to manipulate both his father and his mother with the circumstances.

The facts and circumstances, as revealed by this record, fail to show a change in condition sufficient to justify the modification of the prior custody decree; and the order of the lower court transferring custody of the child from the mother to the father is accordingly reversed.

This leaves undecided questions as to support for the child and visitation privileges of the father; and the cause is remanded to the lower court for determination of these issues. The fact that the mother resides in California and the father in South Carolina should not present an insurmountable obstacle to a workable arrangement for visitation of the child with the father. *Moore v. Moore,* 235 S. C. 386, 111 S. E. (2d) 695.

We find it unnecessary to discuss the mother's contention that the lower court failed to give a "fair and prompt trial in compliance with the Family Court rules."

Reversed and remanded.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.