## 19676

James D. BARRETT, Respondent, v. Mary Ann Barrett (BOWSER), Appellant.

(198 S. E. (2d) 532)

*Messrs. Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, *for Respondent-Appellant,* cite:

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for Petitioner-Respondent,* cite:

August 14, 1973.

BUSSEY, Justice:

This is an appeal from a clearly erroneous order of the Greenville County Family Court ordering a change of the permanent custody of the children of the parties hereto. The parties were long time residents of Ohio but separated some time in 1970, the respondent husband returning to Greenville which was his early childhood home. On April 22, 1971, the Court of Common Pleas of Cuyahoga County, Ohio, granted the appellant wife a divorce from her husband on the ground of "gross neglect of duty". At the time, the parties had three children. Deborah, age 10; Andrea, age 8; and Franklin who was nearly 2. The parties agreed that the wife would have the care, custody and control of the minor children, but the husband to have the temporary custody of them during the summer vacation, with the stipulation that he should come to Cleveland to pick up the children and return them no later then one week prior to school registration. Such custody agreement was incorporated in the divorce decree and the husband was ordered to pay the wife $15.50 per week for the support of each child, plus all necessary medical expenses.

On or about June 27, 1971, the husband went to Cleveland, got the children and took them to Greenville for the summer vacation. Instead of returning the children to Cleveland at the end of the summer in accordance with the agreement and divorce decree, the husband, on August 25, 1971,

instituted this action seeking temporary and permanent custody of the three minor children. The record is not clear, but inferentially, an *ex parte* order was issued granting the husband temporary custody.

The wife was never personally served with any notice or pleadings whatsoever, and the children not being returned, she came to Greenville and sought the aid of the sheriff, seeking to regain her children on the strength of the Ohio decree, and through the sheriff's office learned of the instant proceeding.

A hearing on the husband's petition for permanent custody was not held until June 20, 1972, and not until November 3, 1972 did the court issue its order granting the permanent care, custody and control of the children of the parties to the respondent.

In the fairly recent case of *Sayler v. Parler*, 258 S. C. 514, 189 S. E. (2d) 294 (1972), we held as follows:

". . . the judgment of a court of one state as to custody of children, after a hearing on the merits, must in the absence of fraud or want of jurisdiction be given the same full effect in every other state, as to the facts before the court at the time such judgment was rendered. Of course, such judgment is not entitled to any greater force or effect elsewhere than in the state of rendition and does not prevent a change in custody by another court based upon a subsequent and substantial change of condition."

In Ohio, the doctrine of *res judicata* applies to that portion of the divorce decree that grants custody, and the court cannot re-examine the facts formerly adjudicated and make a different custody disposition. There must be a substantial change of circumstances, presenting a new case before the court may make a substantial change in the custody order. *Fitzpatrick v. Fitzpatrick*, 207 N. E. (2d) 794 (Ohio, 1965).

We quote the following from the fairly recent case of *Sharpe v. Sharpe*, 256 S. C. 517, 183 S. E. (2d) 325.

"A final decree of divorce awarding custody in accordance with an agreement of the parties is conclusive between them in the absence of a change of circumstances affecting the welfare of the child. Otherwise stated, the change of circumstance relied on for a change of custody must be such as would substantially affect the interest and the welfare of the child, not merely the parties, their wishes or convenience, and it is incumbent upon the moving party to show that the welfare of the child requires the court to ignore and set aside the agreement of the parties incorporated in the decree. *Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916; *Pullen v. Pullen,* 253 S. C. 123, 169 S. E. (2d) 376."

The only change of circumstances of any substance whatever disclosed by the evidence in this case is the fact that the wife, approximately one month after the divorce decree, intermarried with one John Kelly Bowser. The record disclosed that Mr. Bowser was 48 years of age, while Mrs. Bowser was 28. He had been previously married and divorced, with children by his first marriage, all of whom were grown or nearly so. Bowser had had the Barrett children with him in his home for a little over a month before they departed for Greenville. He testified in this proceeding, expressing his interest in the children and his willingness to help his wife rear them. He was regularly employed, with his income being approximately the same as that of the respondent.

The record is devoid of any evidence even tending to prove that Mr. Bowser is of a character that would be detrimental in any manner to the children's best interest. As aptly pointed out in the recent case of *Moorhead v. Scott,* 259 S. C. 580, 193 S. E. (2d) 510, remarriage is of course a change of condition but such "is not ordinarily of an adverse character and is most often used as a basis to gain custody rather than a reason to lose it."

The judgment of the court below is reversed and the cause remanded for the entry of decree directing that the

custody of the children be forthwith delivered to the appellant mother.

Reversed and remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.