19834

Cheryl G. RAVEN, Respondent, v. Phillip Schuyler CECIL, III, Appellant.

(205 S. E. (2d) 837)

*Thomas W. Whiteside, Esq.,* of *Whiteside, Smith & Taylor,* Spartanburg, *for Appellant,*

*James R. Turner, Esq.,* of Spartanburg, *for Respondent,*

June 5, 1974.

LEWIS, Justice:

This is a dispute between divorced parents, both now remarried, over the custody of their infant son.

The respondent-wife was granted a divorce from the appellant-husband on December 18, 1969. The divorce was not contested and the decree contained a consent provision awarding custody of the child to the husband with reasonable visitation privileges to the mother. The child was two (2) years of age at the time.

It is inferable that neither the father nor the mother were able to take care of the child when they separated. In any event, it is undisputed that, although custody was formally awarded to the father, the child actually lived with the paternal grandparents from the time of the award of custody to the father until his remarriage on August 12, 1972. After the remarriage of the father, the child lived with the father and stepmother until the institution of these proceedings.

The mother remarried on September 10, 1970 and resides with her husband at Gaffney, South Carolina. After the father remarried, conditions developed which resulted in the institution of these proceedings by the mother in March 1973 to obtain custody of the child. The matter was heard by the Family Court in April 1973. Thereafter, more liberal visitation was allowed with the mother. This resulted in the issuance of an order on August 1, 1973 permitting an extended visitation of the child with the mother until August 15, 1973, at which time the court stated a final decision on the issue of custody would be made.

After the foregoing extended visit, the court issued an order on August 15, 1973, in which it was stated: "It appears that the child has gotten along well during this time in the home of his mother and after considering all facts presented the court believes the child should remain with his mother at this time." The order granted custody of the

child to the mother, with liberal visitation privileges to the father. The child was six (6) at the time and is now seven (7) years of age. This appeal is from the above order.

We have long recognized the general rule that a child custody decree is not final, but is subject to modification or change upon the showing of a material change in conditions affecting the welfare of the child. *Smith v. Smith,* 261 S. C. 81, 198 S. E. (2d) 271.

The father contends that there was no showing of a change in conditions which would justify modifying the previous order so as to grant custody to the mother.

The record sustains the action of the lower court. There have been substantial changes in the conditions affecting the child's custody. These resulted from the remarriage of the father and mother. While prior to that time the circumstances of each required that the child live in the home of the paternal grandparents, both, after their marriage, had established homes in which the child could be reared. The child was no longer being reared in the home of the paternal grandparents, where he had resided from the time of the original custody order until sometime after the father's remarriage on August 12, 1972; but, at the time of the hearing in this matter, had been moved to a new home of the father where he had resided for about seven or eight months under the care of the stepmother.

Although the record indicates the best efforts and intentions of the stepmother for the child, there is evidence from which the conclusion could be reasonably drawn that the child's growing attachment for his natural mother and desire to be with her kept him from adjusting properly in the home of the father. The father had taken the child to a psychologist for evaluation of what appeared to be some problems the child was having. There was testimony that these problems were not experienced when the child was with the mother.

While there is no fixed standard for determination of what constitutes a material or substantial change in conditions justifying a change in the previous order of the court, it is sufficient if there is a showing of such change of circumstances as affects the welfare of the child.

We are convinced that the subsequent remarriage of ■ the father and mother and the change in conditions resulting therefrom, including the change in the residence of the child from the home of the grandparents to the new home of the father and the ability of the natural mother to now care for the child in her own home, constituted a sufficient change in conditions to justify the court's reexamination of the custody issue. The decision made by the Family Court is sustained by the record.

The continuing power of the court to review the custody provisions assures that such orders may be passed in the future as the best interests of the child may dictate.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.