## 20104

Nancy Ard JONES, Appellant, v. David ARD, Respondent.
(219 S. E. (2d) 358)

424

*Raymond K. McKenzie, Esq.,* of Florence, *for Appellant.*
*Evander G. Jeffords, Esq.,* of *Summerford & Jeffords,*
Florence, *for Respondent,* cites:

November 6, 1975.

LITTLEJOHN, Justice:

Nancy Ard Jones (mother) and David Ard (father) were formerly husband and wife. They were divorced in 1973, at which time the Family Court of Florence County granted custody of their three-year-old son to the father, and granted visitation rights to the mother. Both the mother and father have now remarried.

This proceeding was brought by the mother by way of a rule to show cause against the father, wherein the mother asks the court to change the custody of their son (now five years old) to her.

The mother's petition recites some changes of conditions and alleges that she is now "the proper person to have the minor child." The father did not file a responsive pleading, but appeared without counsel to oppose the petition.

At the hearing the evidence disclosed that the mother is 20 years of age, and that she has recently married John Wesley Jones, Jr., who is 31 years of age. They live in a mobile home. Mr. Jones works for Central Oil Company. They attend church. The mother and her new husband race go-carts on the weekends; the son, during his visitation, often attends the races with them.

The father, who is 23 years of age, has now taken unto himself a wife, age 19. They also live in a mobile home. The father works for American Bakery and brings home about $150.00 per week.

At the close of the testimony, the trial judge requested home study reports to be prepared, on both of the homes involved, by the Department of Social Services to aid him in his determination of the custody issue. Investigations were made and reports filed with the court (which are also before us) by two separate case workers.

The trial judge ruled that the mother had not shown a material change of conditions such as to warrant a change of custody.

The mother has appealed the order of the lower court, raising three questions:

1. Does the evidence as a whole support the order of the trial court?

2. Was it proper for the court to consider home study reports' made by separate investigators instead of one investigator?

3. Does the order of the lower court comply with Rule 13 of the Rules of Practice and Procedure in the Family Court?

We have reviewed the entire record, which was before the trial judge, and are convinced that his order should be sustained. Not every change of conditions

warrants a change of custody. On numerous occasions this Court has held that a party seeking to upset custody of a child and bring about a change of custody must prove a change of conditions which substantially affect the interest and welfare of the child, *Barrett v. Barrett,* 261 S. C. 111, 198 S. E. (2d) 532 (1973); *Pullen v. Pullen,* 253 S. C. 123, 169 S. E. (2d) 376 (1969).

In this case the judge had before him the court records, testimony of the parties and their witnesses, and home study reports made on both homes. He had the benefit of seeing and hearing the witnesses. He also had the benefit of the record made up in the initial divorce proceeding, wherein custody was granted to the father. He was obviously thoroughly familiar with all facets of the case. Based on the evidence before him, he concluded that the mother had not shown a sufficient change of conditions to warrant taking the child from the father and placing him in the custody of the mother. His order states: "I do not think it necessary to recite the grounds for the divorce granted Respondent (father) against Petitioner (mother), nor the many times the Court has seen the parties over the past years, except to say I find no material change in Petitioner's habits as would warrant changing custody of this child, who is now four (4) years of age. The testimony indicates he is getting along fine with his father and stepmother, who seem to have a stable home." The fact that the judge did not find the mother to be unfit did not entitle her to custody. When both parties are fit and proper to have custody, the trial judge must make the election. We agree with him; his findings and conclusions are amply supported by the record. The tender years doctrine, upon which the mother would rely, does not always require that she be given custody. The fact that she is the mother and the fact that the child is of tender years are merely matters to be considered by the trial judge, along with all the other evidence.

We find no error on the part of the trial judge in considering reports made by different case workers. This matter was within his discretion, and he was entitled to give to each report such weight as he thought it should have.

Rule 13, of the Practice and Procedures in the Family Court, requires the judge in a case such as this to set forth salient facts upon which the order is granted. This rule must be interpreted and applied in the light of the fact that no material change in conditions was shown. We have held herein that the ruling of the lower court must be sustained because of a failure of proof of changed conditions. Accordingly, we find the order not sufficiently deficient to require a remand for the purpose of spelling out the salient facts referred to in the rule.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.