20236

Ex parte William Ray SOLES, Petitioner. In re Peggy Joyce SOLES, Appellant, v. William Ray SOLES, Respondent.

(225 S. E. (2d) 859)

*Messrs. Kirkland, Aaron & Alley,* of Columbia, and *Jenrette, Wheless, McInnis & Breeden,* of North Myrtle Beach, *for Appellant,*

*Messrs. McCaskill & Horton,* of Conway, *for Respondent,*

June 9, 1976.

RHODES, Justice:

This appeal involves an action between divorced parents over the custody of their only child, a four year old son, in which the Family Court of Horry County changed custody of the child from the mother to the father. We affirm.

The parties were divorced on September 17, 1973, and by mutual agreement the custody of the child was awarded to the mother subject to visitation rights of the father. By a subsequent order dated August 5, 1974, the court enlarged the visitation rights by granting the father the right to have

the child visit with him every other weekend and for two consecutive weeks every other month until the child reached school age.

After their divorce, the father moved to Florida where he now resides in a modern three bedroom home. The mother has moved on two occasions since the divorce, and now resides in a mobile home in Columbia. The mother has remarried while the father has remained single.

In February 1975, while the father had custody of the child during one of the two-week visitation periods granted him, he instituted this action for permanent custody. He alleged that the mother was not providing either a proper or a safe place for the suitable rearing of the child, and that he feared for his son's safety due to the violent actions of his son's stepfather. The mother's answer denied these allegations.

The father testified that he instituted this action after he had received a telephone call while at his home in Florida from the mother in January of 1975, in which she advised him that she had been beaten by her husband for the third time in a week and that she was in a hospital in Columbia as a result of the last beating; that she was afraid of what might happen to the child as a result of the violent temper of her husband; and, that she requested him to immediately come and get the child in advance of his scheduled visitation. However, he testified that the mother called him later the same day and told him that her husband had visited her in the hospital and they had decided to try a reconciliation and that if he came and got the child now it would only make matters worse. In compliance with this latter request, the father did not obtain the child until a few days later, the time of his scheduled visitation.

The mother admitted calling the father in Florida and requesting that he come get the child, but she denied certain portions of the conversation as related by the father in his testimony. She sought to minimize the intensity of her

encounters with her husband, but did testify that prior to being hospitalized, she had been manhandled on two prior occasions. She also testified that her son was in their mobile home on the last occasion after which she was hospitalized for four days. While the mother denied that her husband had beaten the child, the two ambulance attendants who took her to the hospital testified that she related to them that her husband had beaten the child.

Also made a part of the record in this case, and considered by the trial judge, were reports of home studies made by the Department of Social Services on the respective homes of the parties. The trial judge found in his order that the father had provided a regulated and controlled environment for the child during the bimonthly visits, and that he was in a position to continue such care and attention on a full time basis. He found that the mother had not provided a home environment conducive to the child's proper emotional development and that the testimony warranted the possibility of future abuse of the child in the mother's home. Custody of the child was granted to the father with liberal visitation rights to the mother.

The mother argues that the failure of the trial judge to find that she was unfit to retain custody of the child is inconsistent with the award to the father. This argument is without merit. We stated in *Jones v. Ard*, 265 S. C. 423, 219 S. E. (2d) 358 (1976), that "[t]he fact that the judge did not find the mother to be unfit did not entitle her to custody."

It is further argued by the mother that the evidence does not show a sufficient change in conditions since the prior order of custody to warrant a change of custody in the present action. It is clear from the above recited circumstances relative to violence in the home, which occurred immediately prior to the institution of this suit, that this exception is without merit.

This Court has repeatedly held that in determining the issue of child custody, the paramount consideration is the welfare of the child. *Davenport v. Davenport,* 265 S. C. 524, 220 S. E. (2d) 228 (1975). We are convinced that the evidence fully supports the award of custody to the father at this time and that such result is in accord with the best interests of the child.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.