## 20822

Charles LOWE, Respondent, v. Faye LINDLEY, Appellant.

(249 S. E. (2d) 750)

*Joseph M. Pracht and James D. Jefferies,* Greenwood, *for appellant.*

*Judson F. Ayers, Jr.,* Greenwood, *for respondent.*

November 28, 1978.

NESS, Justice:

▮ This appeal is from an order changing the custody of the parties' daughter from the appellant mother to the respondent father. We reverse, concluding a material change of circumstances substantially affecting the child's welfare was not established.

The parties were divorced in August of 1976. An agreement between them providing that custody of the daughter be granted to the mother and custody of the son be granted to the father was incorporated into the divorce decree. Both have remarried and live in or around the Greenwood area. The mother is in the real estate business and the father is a physician.

The subject of this custody dispute is a ten year old girl, Candace Lowe, who suffers from a birth defect of the spine known as myelomengocele. She is unable to walk without crutches and braces, and cannot control her bladder and bowels.

The sole change of conditions asserted by the father is an alleged alteration of Candace's personality. He contends she has a poor attitude and a poor self-image. He states that Candace's emotional well-being has declined and that he, as a physician, is better equipped to care for her. This contention of a change in the child's personality was substantiated by a psychiatrist who examined the girl. (Tr. pages 94-96).

Candace's teacher testified she had not noticed any change in her emotional status and that she was a happy child. (Tr. pages 124-125). Similar testimony was given by the woman who cares for Candace from the time school is out until her mother comes home from work. (Tr. p. 134). There was also evidence that Candace has developed a close relationship with her stepfather.

We conclude there was insufficient evidence of a material change in conditions sufficient to warrant a transfer of custody. Even assuming that Candace suffers from certain adjustment problems, there is no evidence that these would be remedied by a change of custody to the father. As both parties live in the Greenwood area, there appears to be no reason why the father cannot assist the mother in. seeking help for Candace.

> Not every change of conditions will warrant a change of custody. *Jones v. Ard,* 265 S. C. 423, 219 S. E. (2d) 358 (1975).

> We have often stated that in order to justify a change of custody, the party seeking the transfer bears the burden of establishing a material change of conditions substantially affecting the welfare of the child. *Powell v. Powell,* 256 S. C. 111, 181 S. E. (2d) 13 (1971); *Moorhead v. Scott,* 259 S. C. 580, 193 S. E. (2d) 510 (1972).

While we need not consider appellant's assertion that the lower court order failed to set out the salient facts on which it was based, we take this opportunity to again remind the Family Court judiciary of the necessity of specifically complying with Family Court Rule 27.

We conclude the trial court erred in granting a change of custody without convincing evidence that the change would be in Candace's best interests.

Reversed.

LEWIS, C. J., LITTLEJOHN, RHODES and GREGORY, JJ., concur.