21734

Barry N. BOLDING, Respondent, v. Brenda E. BOLDING, Appellant.

(293 S. E. (2d) 699)

*Kenneth C. Porter,* of *Porter & Rosenfeld,* Greenville, *for appellant.*

*C. Ben Bowen,* of *Abrams, Bowen & Parham,* Greenville, *for respondent.*

June 15, 1982.

LEWIS, Chief Justice:

Barry N. Bolding (Father) commenced this action seeking custody of the eleven-year-old son of the parties. Approximately one year earlier, the divorce decree had granted custody of the son and his seven-year-old sister to Brenda E. Bolding (Mother). The lower court transferred custody of the son to Father; Mother appeals. We reverse, holding that the trial judge erred in transferring custody when the only change of condition alleged was that the son wished to live with Father so that he would be near old friends and could attend school with them.

In order to justify a change of custody, the party seeking the transfer bears the burden of establishing a material change of conditions substantially affecting the welfare of the child. *Lowe v. Lindley,* 272 S. C. 143, 249 S. E. (2d) 750 (1978). The significance to be attached to the wishes of the child in a custody dispute depends upon the age of the child and the attendant circumstances. The wishes of a child of any age may be considered under all the circumstances, but the weight given to those wishes must be dominated by what is best for the welfare of the child. *Smith v. Smith,* 261 S. C. 81, 198 S. E. (2d) 271 (1973).

We hold Father failed in his burden of establishing a change of condition sufficient to warrant a transfer of custody, as the only change alleged or proved involved the wishes of the eleven-year-old child. *See Smith v. Smith, supra,* (involving a seven-year-old child) and *Moorhead v. Scott,* 259 S. C. 580, 193 S. E. (2d) 510 (1972) (involving children aged eight, eleven, and twelve).

Reversed.

LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

I find sufficent evidence in the record to establish a material change of circumstances to justify a change of custody and dissent.

We have held, "[w]hile there is no fixed standard for determination of what constitutes a material or substantial change ... it is sufficient if there is a showing of such change of circumstances as affects the welfare of a child." *Raven v. Cecil,* 262 S. C. 509 at 513, 205 S. E. (2d) 837 (1974).

Thus the only issue before us here is whether there has been a change of circumstances which would affect the welfare of the parties' eleven year old son.

The record reveals the child here expressed a strong desire to live with his father and to attend school in the neighborhood with his lifelong friends and companions.

The trial court conducted an extensive interview with the minor and found that the uprooting of the child and moving him to a new neighborhood and school, "may very well have a detrimental psychological impact upon this child that could affect him for the rest of his life." The court further found the "totality of the evidence" in the case to establish a material and substantial change to justify granting the custody to the father.

The lower court found that no one had unduly influenced the child to seek a change of custody and noted the child's "sincerity and maturity" in his desire to live in his old neighborhood. Further there was no showing of a permissive attitude by either parent.

To reverse this case here, the majority is completely disregarding the findings of the lower court. When both parties are fit and proper to have child custody, *the trial judge* must make the election. *Jones v. Ard,* 265 S. C. 423, 219 S. E. (2d) 358 (1975).

Our Court has given great weight to the wishes of a sixteen year old child, *Guinan v. Guinan,* 254 S. C. 554, 176 S. E. (2d) 173 (1970), and little significance to the wishes of a child six years of age. *Poliakoff v. Poliakoff,* 221 S. C. 391, 70 S. E. (2d) 625 (1952). Thus, under all the circumstances, I agree, the Court must be dominated by what is best for the welfare of the child. *Smith v. Smith,* 261 S. C. 81, 198 S. E. (2d) 271 (1973).

I would hold in this case the trial judge is in a far better position to determine the best interests of this child as he observed the testimony of the parties and interviewed the child extensively, while here on appeal, the majority bases its reversal on a cold record and without the benefit of *any* of the minor's testimony. Thus I would uphold the order of the lower court and affirm.

Affirmed.