**22729**

Robert Scott AIKEN, Respondent v. Peggy P. Aiken NELSON, Appellant.

(356 S. E. (2d) 839)

Supreme Court

*W. Benjamin McClain, Jr.,* of *Hiller and McClain,* Greenville, *for appellant.*

*James R. Mann,* Greenville, *for respondent.*

Heard April 8, 1987.

Decided June 1, 1987.

FINNEY, Justice:

Appellant Peggy P. Aiken Nelson appeals the trial court's decision which, *inter alia,* awarded custody of the minor child to respondent. We affirm.

Respondent Robert Scott Aiken commenced suit on July 8, 1985, in the Greenville County Family Court for change of custody of the parties' child, James Hobert Aiken. A hearing was held on August 22, 1985. The court, in considering the custody issue, found that: (1) Robert Scott Aiken and Peggy Aiken Nelson are the parents of James Hobert Aiken and Julie Ann Aiken; (2) the aforesaid parties were divorced in the state of Georgia on June 2, 1981; (3) appellant was awarded custody of the children and certain visitation rights and privileges were granted to the respondent; (4) appellant has had legal and physical custody of the children since August 19, 1981; (5) respondent remarried on July 3, 1981, and appellant remarried in August, 1981; and (6) since appellant's remarriage, she and the children have resided in Greenville County.

At the conclusion of the custody hearing, Judge Patterson conducted an *in camera* conference with James Hobert

Aiken and ascertained that the child wished to reside with his father, Robert Scott Aiken. The court found that both appellant and respondent were suitable parents. However, based upon the totality of the circumstances, the court concluded it would be in the child's best interest that custody be transferred and awarded to the respondent. This custody award was on a trial basis. The court indicated there would be an additional conference with the child during this trial custody period prior to issuing its order granting and affirming the custody award to respondent. Approximately six months elapsed and the court had not held its conference with the child and had not conducted a final hearing. On February 12, 1986, the Supreme Court ordered the Family Court to schedule a final merits hearing. The court held the hearing on March 10, 1986, conferred with the minor, and affirmed its custody award of the child to the respondent.

Appellant primarily asserts that the Family Court paid undue deference to Georgia law, which gives a child fourteen years of age certain preferential rights with respect to custody. O. C. G. A. §§ 19-9-1 and 19-9-3 (1982), as amended (1984). Appellant also contends the court did not give full faith and credit to the Georgia divorce decree. Contrary to appellant's assertions, the court concluded it was not bound by the Georgia statute and awarded custody solely on the basis of the child's best interest. In addition, the court's order set forth the parties' visitation privileges, abated respondent's child support of $300 per month for James Aiken and temporarily set respondent's child support payments in the amount of $400 per month for Julie Aiken. Appellant was also awarded $1,000 in attorney's fees from the respondent.

We find no abuse of discretion by the trial court in ▮▮ awarding custody of James Hobert Aiken to his father, Robert Scott Aiken, based upon the court's evaluation of the evidence and the child's best interest. It is a settled legal principle that an award of custody may be modified by agreement of the parties or by court decree. *Mann v. Walker*, 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985). Modification of a custody award may be made upon a showing of material changes in circumstances or conditions substantially affecting the child. *Bolding v. Bolding*, 278

S. C. 129, 293 S. E. (2d) 699 (1982). When modifying an award, the court must evaluate the evidence to determine whether there has been a material change in circumstances as compared with the time of the previous decree. See *Pullen v. Pullen,* 253 S. C. 123, 169 S. E. (2d) 376 (1969). The evidence in the instant case indicates: (1) Appellant remarried; (2) respondent remarried; (3) appellant moved from Georgia to South Carolina; (4) respondent moved from an apartment to a farm in Cherokee County, Georgia; and (5) the teenage child expressed a preference to reside with his father.

Based upon the totality of the evidence and the broad discretionary powers of the trial court, absent a showing of abuse in making such determinations, we conclude that the transfer and award of custody to respondent should be affirmed. The remaining issues are disposed of pursuant to Supreme Court Rule 23.

Affirmed.

NESS, C. J., GREGORY and HARWELL, JJ., and LITTLEJOHN, Acting J., concur.