**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Glenn Huggins, Respondent,

v.

Susan "Ashley" S. Huggins Pritchett, Appellant.

Appellate Case No. 2013-002425

---

Appeal From Greenville County
James A. Spruill, Family Court Judge

---

Unpublished Opinion No. 2015-UP-369
Heard May 6, 2015 – Filed July 22, 2015

---

**REVERSED**

---

Scarlet Bell Moore, of Greenville, for Appellant.

Vanessa Hartman Kormylo, of Vanessa Hartman Kormylo, P.A., of Greenville, for Respondent.

---

**PER CURIAM:** Susan Pritchett (Mother) appeals the family court's order splitting custody of two of her minor children. She seeks to reverse the change in custody of the older child, M, who was transferred to David Huggins (Father). We reverse.

At the hearing, the family court heard testimony from Mother, Father, Father's mother, the guardian ad litem, and the father of an older child of Mother's who is not involved in these proceedings. Pursuant to Rule 22, SCRFC, the family court also privately interviewed both children, aged eight and nine, in chambers. In its order, the family court ruled there was a substantial change in circumstances and transferred custody of M to Father. Specifically, the court found that the younger child "has required tremendous attention and support since the divorce of the parties due to her special educational, medical and developmental needs." Mother, subsequent to the court's order, filed a motion for reconsideration and for supersedeas, challenging the family court's reliance on its in chambers interview with the children. The court denied the motion, stating

> any error in reliance upon the children's interview would in fact be error in reliance on the younger child's pitiful and emotional pleas to stay with her mother which this court did in fact defer to. Therefore, any error would have favored the mother in the maintenance of custody of the younger daughter with her.

We find insufficient evidence in the record to support the family court's determination that a substantial change in circumstances warranted a change in custody. To change a custody arrangement established by a family court, there must be a substantial change in circumstances and the change of custody must be in the best interest of the child. *See Tillman v. Oakes*, 398 S.C. 245, 249, 728 S.E.2d 45, 47 (Ct. App. 2012) (stating to change the custody of a child, the non-custodial parent must establish a substantial change in circumstances that affects the welfare of the child and that a change in custody is in the best overall interests of the child); *see also Brown v. Brown*, 362 S.C. 85, 93, 606 S.E.2d 785, 789 (Ct. App. 2004) ("The court shall place weight upon the [child's] preference based upon the child's age, experience, maturity, judgment, and ability to express a preference." (citation and internal quotation marks omitted)); *see Bolding v. Bolding*, 378 S.C. 129, 131, 293 S.E.2d 699, 700 (1982) (reversing change of custody of eleven-year-old child because the only change of circumstances involved the wishes of the child).

Much of the family court's order focuses on the change in circumstances with regard to the younger child, but it is not apparent how the younger child's situation has impacted the older child. In particular, there is very little evidence to indicate that the extra attention the younger child requires is given to the detriment of the

older child.  The family court gave no indication of what information it learned through its discussion with the children during the in chambers interview.  *See* Rule 210(h), SCACR (stating the appellate court will not consider any fact which does not appear in the record).

We find Father failed to prove a substantial change in circumstances.  Accordingly, we reverse the family court's ruling changing custody.

**REVERSED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**