### 12255

#### ALEWINE v. McGILL

(139 S. E., 172)

1. Parent and Child—Father Morally Fit Has Highest Claim to Custody of Child.—Father, charged with support and education of child being morally fit, has highest claim to its custody.

2. Parent and Child—Father's Past Laxity in Morals and Business Held not Ground for Denying Him Custody of Child, on Showing of Reform.—Evidence showing that father was at one time lax in morals and business, and inclined to drink intoxicating liquors to excess, *held* not ground for denying him custody of child, claimed by its maternal grandparents, in view of showing of reformation and moral fitness at time of suit.

3. PARENT AND CHILD—FATHER'S PAROL GIFT OF CHILD TO ITS MA-
TERNAL GRANDPARENTS HELD NOT ALONE GROUND FOR DENYING HIS
CLAIM TO RIGHT OF CUSTODY.—A mere parol gift of child by its
father to its maternal grandfather and his wife is not alone ground
for denying fathers claim to right of custody.

Before GARY, J., Abbeville, September, 1925. Affirmed.

*Habeas corpus* proceeding by A. L. Alewine against J.
A. McGill to determine right to custody of petitioner's
infant son. From an order awarding custody to petitioner,
respondent appeals.

*Mr. L. W. Harris,* for appellant, cites: *Father's right
to custody of his child may be subordinated to the real in-
terest of the child:* 54 S. C., 392; 73 S. C., 302.

*Mr. J. Moore Mars,* for respondents, cites: *Father's
right to custody of his own child is a paramount claim
against the world:* 125 S. C., 121; 73 S. C., 296: 114 A.
S. R., 86; 6 Ann. Cas., 936; 72 S. C., 18.

August 25, 1927.

The opinion of the Court was delivered by MR. JUSTICE
STABLER.

This is a proceeding in *habeas corpus,* instituted by the
petitioner, Alewine, for the purpose of having the Court
award him the custody of his infant son, Amos Bell Ale-
wine. The appeal is from an order of the late Hon. Eu-
gene B. Gary, Chief Justice, making such award.

It appears that the petitioner, Alewine, during August,
1923, married Carrie Bell McGill, the daughter of the re-
spondent, J. A. McGill, and that they lived at the home of
the wife's father until March 20, 1924, on which date the
son, Amos Bell Alewine, was born, and the mother, the
wife of the petitioner, died; after the death of Mrs. Ale-
wine the petitioner and his son lived at the home of the
respondent until December, 1924, at which time he mar-
ried Miss Gladys Hall and moved away, leaving his infant

son with its grandparents at the home of the respondent. The petitioner alleged, among other things, that after December, 1924, he called at the home of the respondent a number of times and requested the respondent to give him his child, but that the respondent refused and failed to comply with this request, and would not consent for the child to even visit the petitioner's home.

The respondent, McGill, alleged in his return that the petitioner had made a parol gift of the child to him and his wife; that he had supported and taken care of the child exclusively since December, 1924; that the petitioner is a morally unfit person to have the custody of the child by reason of the facts that he had given worthless checks in violation of law, that he drinks intoxicating liquors to excess and associates with persons of like moral character, and also that the petitioner is unable financially to properly care for the child.

The matter came before Mr. Chief Justice Gary upon affidavits submitted on the part of the respondent and the taking of testimony in open Court on behalf of the petitioner. During the trial Chief Justice Gary ordered the hearing stopped and the matter referred, for the purpose of taking and reporting to him the testimony of both parties, which was done. Upon the testimony so taken and reported, he issued the following order:

"Upon hearing read the petition in the above-stated matter and the testimony both for the petitioner and the respondent, I am of the opinion that the petition should be granted; it being my judgment that it will be for the best interest of the said child, to wit, Amos Bell Alewine, to be given to his father, A. L. Alewine. Therefore, on motion of J. Moore Mars, attorney for petitioner, it is ordered and adjudged that the custody of the said minor child, Amos Bell Alewine, be given to his father, A. L. Alewine."

The respondent-appellant, the grandfather, appeals to

this Court, and complains that the Chief Justice erred: (1) In failing to hold that the petitioner is an unfit and unsuitable person to be awarded the custody of his child; and (2) in not holding that the father had made a parol gift of the said child to the respondent and his wife.

We see no error as complained of by the appellant.

In *Ex parte Davidge,* 72 S. C., 18; 51 S. E., 269, the Court said:

"Even as against the mother herself, the father is held to have higher claim to the custody of the children, because upon him the law imposes the responsibility of their support and education, and, if in this duty he fails, he not only incurs the penalty of the law, but receives the brand of social disgrace."

See, also, *Ex parte Reynolds,* 73 S. C., 302; 53 S. E., 490.

In *Busbee v. Reese,* 125 S. C., 121; 118 S. E., 185, Mr. Justice Marion said:

"In a contest between the parents I incline to the view that their rights should be regarded as coequal, and that the question of custody should turn solely upon the issue of fact as to the best interest of the child. But where the question is the right of the father to the custody of his child as against the claim of others, however closely related by ties of kinship, interest, or affection, then the only bar to the father's right which the Courts may properly recognize is that father's incapacity or unfitness, established by clear and convincing proof."

In the case at bar, we do not think that the testimony sustains the charge of the grandfather that the petitioner is now morally unfit to have the custody of his infant son, or that his financial condition is so low as to render him unable to properly administer to the ordinary comfort and contentment of his child and to make reasonable provision for his intellectual and moral training

It is true that some of the testimony tends to show that at one time the petitioner, was not exemplary in matters of morals and business; that he drank intoxicating liquors to excess, gave worthless checks, and was not careful in the matter of payment of his debts. However, there is ample testimony to the effect that he no longer drinks intoxicating liquors, and that he now meets his business obligations as an honest man. Whatever may have been his faults and shortcomings in the past, the Court is satisfied, in the light of the testimony, which has been carefully read, that he has now reformed. Under the showing made, we do not think that the judgment should be disturbed on this ground.

As to the appellant's second ground of imputed error, we do not think that the testimony conclusively establishes the contention that the petitioner made a parol gift of the child to its grandfather and his wife; but, even if this contention were conclusively shown, that fact alone would not be sufficient to defeat the father's right. In *Ex parte Canova,* 84 S. C., 473; 67 S. E., 475, the Court said:

"The right of a parent to the custody of a child cannot be defeated by a mere parol gift of the child by the parent to another. *Ex parte Reynolds,* 73 S. C., 302; 58 S. E., 490. But the parent may by a parol gift and long acquiescence in the relation thus created so bind up the child's best interest with the chosen custodian that a Court would not break the relation, not because the parent has made a valid surrender of the parental right and duty towards the child; but because the welfare of the child, which is always the principal consideration, may require that the custody remain as bestowed by the parent."

Mr. Chief Justice Gary in his order held that it would be to the best interest of the child for him to be restored to his father, and there is ample testimony in the case to support this view. If it were clear from the testimony,

however, that the father, by such course of action as is indicated in *Ex parte Canova, supra,* bound up the child's best interest and welfare with the grandfather, this Court, its main concern being the best interest of the child, would not disrupt such relation. But no such situation is presented by the facts of this case. The appellant's second contention, therefore, cannot be sustained.

The exceptions are overruled, and the order appealed from is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.