13271

DOUGLASS v. MERRIMAN

(161 S. E., 452.)

*Messrs. Laney & Chapman*, for appellant, ▮▮▮▮▮▮

*Mr. R. E. Hanna*, for respondent.

November 10, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This matter is a *habeas corpus* proceeding, instituted by the petitioner in the Court of Common Pleas for Chesterfield County, March, 1929, for the purpose of obtaining from A. B. Merriman the custody of Martus Gerald Douglass, the infant son of the petitioner. In response to the writ issued in the cause by his Honor, Judge E. C. Dennis, Mr. Merriman made return thereto, and the matter was heard by his Honor, Judge Dennis, on the petition, return, affidavits, and other supporting papers submitted by the parties. At the conclusion of the hearing, Judge Dennis issued the following order in the case:

"This is the usual case of grandparents taking a child at the death of the child's mother, and having the child in their home for a number of years, without any waiver on the part of the father of his rights to the child. The petitioner Oscar Douglass, is the father of the child, and the respondent, A. B. Merriman, is the grandfather. After carefully considering the record in this case and hearing argument of counsel, it is

"Ordered and adjudged, That the child, Martus Gerald Douglass, be and is hereby awarded to the petitioner, Oscar Douglass, his father.

"E. C. Dennis, Judge of the Fourth Circuit.

"At Chambers, Darlington, S. C., October 18, 1929."

From this order awarding the infant child to the petitioner, Mr. Meriman has appealed to this Court, on the ground that it clearly appears from the record in the case that it would be for the best interest of the child that he remain in the custody of the appellant, and that the appellant is entitled to his custody.

Margaret, the daughter of appellant, and Oscar Douglass, the petitioner, were married in the year 1923, and after their marriage, until the time of the death of Margaret, resided in the home of the appellant. The infant child of petitioner was born in the home of appellant, June, 1924, and a few days after his birth his mother, Margaret, died. Following the death of the mother of the child, the father, petitioner herein, continued to reside in appellant's home, and remained there for several months. Appellant, with the aid of members of his family and a nurse which he procured, cared for the child, and has continued to do so until this time. While the petitioner, for a while, contributed, in a way, for the necessary expenses for the support of his child, it appears from the record before us that the appellant has borne the greater part of the expense, which has been a considerable amount, due to the fact that the child has been sick a great deal of the time, and, according to the statements, made by some of the parties in their affidavits, he is now delicate and needs special care and attention, which the appellant is willing and able to give. No question is raised as to the moral fitness of either the petitioner or appellant. In March, 1928, the petitioner remarried, and in a few months thereafter made demand on appellant for the custody of his child. Prior to this time, the petitioner did not make any request for the custody of the child, and the appellant says that he was led to believe that he would be allowed to rear the child to manhood, but there was no agreement entered into betwen the parties. It appears from the record that the father, the petitioner herein, is fully able financially, as well as the appellant, to furnish a support for the child and the necessary means for his care and education.

We therefore cannot hold that Judge Dennis was wrong in reaching the conclusion he did, and in awarding the custody of Martus Gerald Douglass, the infant in question, to the petitioner. In issuing the order appealed from, his Honor is amply supported by the former decisions of this Court. In this connection we call special attention to the opinion in the

case of *Alewine v. McGill*, 141 S. C., 117, 139 S. E., 172, and the authorities therein cited. However, we are of the opinion that it should have contained a provision allowing the grandparents to see the little boy involved and to permit him to visit them at reasonable intervals. After their years of care of the boy, they should not be deprived of the pleasure of having him associated with them. It is further the opinion of this Court that, if it hereafter appears that it is not for the best interest for him to continue in the custody of his father, the door should be left open for the Court to restore him to his grandparents, or make such other disposition of him as the Court deems best.

It is therefore the judgment of this Court that the decree of the Circuit Judge be modified in accordance with the reviews herein expressed, and in all other respects the decree is hereby affirmed.

Mr. Justice Stabler and Mr. Acting Associate Justice John I. Cosgrove concur.

Mr. Chief Justice Blease (dissenting) : I am strongly of the opinion that, under all the circumstances, as shown by the record in this case, the custody of the little boy should be awarded to the appellant, his grandfather, who, with his wife, have so carefully and patiently nurtured the little fellow, while his father was doing nothing in the interest of the child. The father should be held to be estopped from now asserting his rights, if he has any.

Mr. Justice Cothran concurs.