20951

Jackie MATTHEWS, Respondent, v. Gloria Jean MATTHEWS (Phillips), Appellant.

(254 S. E. (2d) 801)

*Eugene Fallon, Jr.*, Florence, *for appellant.*

*R. Dean Welch,* and *David A. Brown,* Lake City, *for respondent.*

May 2, 1979.

RHODES, Justice:

This appeal is from an order granting the respondent (father) permanent custody of the parties' minor child and granting limited visitation to the appellant (mother). We affirm as to custody and remand for the award of more liberal visitation to the mother.

The parties were formerly married and had one male child, Shawn, now four years of age. In August, 1976, the parties separated and custody of the child was left with the father. Subsequently, the father obtained a divorce on the grounds of his wife's adultery. On January 4, 1977, temporary custody of Shawn was awarded to the father and the mother was granted visitation rights to commence each Saturday at 10:00 a. m. and continue through Sunday at 5:00 p. m. No appeal was taken from this order.

Thereafter, the father petitioned the court for permanent custody of Shawn and the mother, in her answer, likewise claimed custody. By order of May 30, 1978, the father was awarded permanent custody and the mother's visitation with Shawn was reduced to every other week from 6:00 p. m. on Friday until 6:00 p. m. on Saturday.

In a custody dispute, the paramount and controlling factor is the welfare and best interests of the child. *Wood v. Wood,* 269 S. C. 600, 239 S. E. (2d) 315 (1977), *Davenport v. Davenport,* 265 S. C. 524, 220 S. E. (2d) 228 (1975).

Based on the testimony at the hearing and home investigation reports from the Department of Social Services, the trial judge concluded that the father had provided a stable home environment for the child continuously since the mother left the marital residence in 1976 and that the best interests of the child dictate that custody remain with him.

Both parties have remarried. The father with his new wife live with his parents. The mother and her present husband reside on a farm belonging to her husband's father.

The record shows that Shawn had been well adjusted and cared for during the two years he has resided in the home of his father. While in his father's custody, Shawn has been regularly attending Sunday School and church. The father's present wife appears to love Shawn and has treated and

cared for him as she does her own children. On the other hand, the mother's conduct towards Shawn is inconsistent. The testimony shows that during her specified times of visitation, the mother has frequently left Shawn in the care of others. The further testimony revealed that on two occasions the mother had returned Shawn with bruises and scrapes for which she apparently afforded no explanation. Additionally, the evidence shows that the mother has not always been earnest in her endeavor to claim custody of Shawn. After the couple's separation, it appears that the mother suggested that Shawn's custody be tendered to the father's parents.

It is significant that Shawn has resided with his father for the past two and one half years, a large portion of the formative years of his infancy. During this period, the father's fitness as a parent has been undisputed. We, therefore, conclude that the evidence preponderates in the father's favor as the custodial parent and affirm the decision of the lower court.

Appellant also contends that the trial judge erred in reducing her visitation rights with Shawn. We agree. The effect of the order was to allow appellant only one day of visitation every two weeks. This reduction was predicated upon the lower court's conclusion that visitation ". . . should be changed in order for the child to be regular in its [sic] attendance of Sunday School and Church." We are of the view that this restricted visitation is not warranted by the evidence and, accordingly, remand the case for the granting of more liberal visitation rights to appellant.

Appellant's final contention challenges the lower court's refusal to grant her attorney's fees. Since this refusal was within the discretion of the lower court, we find this exception without merit.

Affirmed in part; reversed in part; remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.