0222

Stephen G. BAER, Respondent, v. Beth Ann BAER, Appellant.

(318 S. E. (2d) 582)

Court of Appeals

*Richard S. Rosen*, of *Rosen, Oberman & Rosen*, Charleston, for appellant.

*William Howard*, of *Belk, Howard & Cobb*, Charleston, for respondent.

Heard May 30, 1984.

Decided Aug. 3, 1984.

GOOLSBY, Judge:

This appeal by Beth Ann Baer results from an order of the family court changing custody of two minor daughters from Beth Baer to the father Stephen G. Baer. The issue presented is whether the evidence supports the family court's finding of a change in circumstances substantially affecting the welfare of the children sufficient to warrant the transfer of custody from the mother to the father. We reverse.

The parties married in April 1973. During the marriage, two children were born. Stephanie in December 1973 and Nicole in July 1975. In December 1980, the mother initiated an action seeking custody of the children, child support and alimony. The father counterclaimed requesting custody of the children and a divorce.

On May 16, 1981, while the parties were still married, they

entered into an agreement that granted custody of the children to the mother and visitation rights to the father. The husband was granted a divorce upon the ground of his wife's adultery. The divorce decree, issued on May 29, 1981, incorporated the prior agreement of the parties including the provisions granting the mother custody and the father visitation rights. A provision requiring the mother to provide the father with two-weeks notice of any intention to remove the children from the State of South Carolina and of their new address and telephone number was also incorporated into the decree.

The father initiated the present action on June 9, 1981 for custody of the children alleging as a substantial change in circumstances that, among other things, the mother was living with her paramour and "that she intended to move from the State of South Carolina." Shortly thereafter, the mother married the latter and defended the suit on the basis that her prior living arrangement did not substantially affect the children's welfare.

The family court granted the father's petition to change custody upon finding that the mother engaged in an illicit relationship in the home where the children resided after the divorce decree, that the mother hastily married her paramour as a result of the father's institution of court proceedings to effect a change in the children's custody, and that the mother deceived the father by notifying him that she planned to take the children to Tennessee when in fact the mother was moving to Washington, D. C. where the United States Navy has assigned her paramour. This conduct, according to the court, demonstrated a lack of judgment and sincerity for the children's well-being that "substantially affect[ed] the[ir] interest[s] and welfare."

We note that the mother retained custody of the children pending her appeal pursuant to a *supersedeas* order issued by the Supreme Court staying the family court's order.

This is an action in equity tried by a judge alone and on appeal we may determine the facts in accordance with our own view of the evidence. *Barden v. Barden,* 278 S. C. 672, 301 S. E. (2d) 141 (1983). In determining the issue of custody, the paramount consideration is the welfare of the children. *Davenport v. Davenport,* 265 S. C. 524, 220 S. E. (2d) 228 (1975); *Pullen v. Pullen,* 253 S. C. 123, 169 S. E. (2d) 376

(1969). In order for the court to grant a change in custody, there must be a showing of changed circumstances occurring subsequent to the entry of the decree. *Heckle v. Heckle*, 266 S. C. 355, 223 S. E. (2d) 590 (1976); *Pullen v. Pullen supra.* "A change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the children would be served by the change." *Stutz v. Funderburk*, 272 S. C. 273, 252 S. E. (2d) 32, 34 (1979).

We hold that the evidence does not support a finding that a change in circumstances occurred that substantially affected the welfare of the children.

As to her illicit affair with a man who became her new husband, this case is not unlike *Stutz v. Funderburk, supra.* In that case, as here, the mother's adulterous relationship with her paramour "ended through marriage." 252 S. E. (2d) at 33. The Supreme Court held in *Stutz* that "if the illicit affair constituted a change of circumstances sufficient to justify depriving [the mother] of custody, then her marriage to her paramour and otherwise restoration of her moral fitness should constitute a strong factor in establishing a sufficient change of condition to require restoration to the . . . mother of her prior . . . right of custody. . . ." *Id.* at 34. The same thing can be said here. If the mother's affair constituted a change of circumstances sufficient to justify depriving her of the children's custody, then the mother's marriage to her paramour should require that her right of custody be reinstated because the marriage restored her moral fitness. *See Alewine v. McGill*, 141 S. C. 116, 139 S. E. 172 (1927) (a father's past laxity in morals and business held not a proper ground for denying him custody of child on showing of reform).

Concerning the mother's remarriage, we attach no significance to the fact that the mother's marriage to her paramour was, as the family court described it, "hasty." Many marriages fit that description. At any rate, the propriety of the mother's marriage was "limited in its force to what relevancy it ha[d], either directly or indirectly, to the welfare of the child[ren]." *See Davenport v. Davenport, supra*, 220 S. E. (2d) at 230. Here, it was not shown that the mother's sudden marriage substantially affected their welfare.

Regarding the mother's attempt to deceive the father

as to where she and the children were to be moving, that fact too, under the circumstances, is of no significance. Since the father learned of the mother's true intention to relocate with her new husband to Washington, D. C., and not to the State of Tennessee as she led the father to believe, the deception in no way harmed the children. A single act of misconduct by the custodial parent toward the noncustodial parent that does not substantially affect the children's welfare provides no basis for changing custody from one to the other. *See In re Jones*, 14 N. C. App. 334, 188 S. E. (2d) 580 (1972) (a parent's right to the custody of a child is forfeitable only by misconduct which substantially affects the child's welfare).

In our view, the preponderance of the evidence dictates that the mother should continue to have custody of both children. The record establishes that she has raised them from birth, occasionally without the father's assistance because he was at sea with the United States Navy. We also note the testimony of a psychologist that the mother is a good parent and the testimony of the maternal grandmother that the children's relationship with their stepfather is good.

For these reasons, the judgment of the family court changing custody from the mother to the father is

Reversed.

SANDERS, C. J., and GARDNER, J., concur.