0312

Linda Sue Decker EWING, Appellant, v. Vernon E. BAUMRIND, Respondent, and Vernon E. BAUMRIND, Cross-Appellant, v. James H. EWING, Cross-Respondent.

(322 S. E. (2d) 696)

Court of Appeals

*Edmund H. Monteith*, Columbia, *for appellant.*

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for respondent.*

Heard Sept. 26, 1984.

Decided Nov. 7, 1984.

GARDNER, Judge:

This change of custody action was brought by Linda Sue Decker Ewing (Linda) against her former husband, Vernon Baumrind (Baumrind). On his own motion, the trial judge nonsuited Linda. We disagree, reverse and remand.

While this court holds in highest regard the learned and esteemed trial judge, we find the appeal order to be based upon misconceptions of law.

The trial judge held that (1) when the parties were divorced in 1982, custody of the children was vested in Baumrind because Linda was then having an adulterous affair with her then paramour, Dr. Ewing, whom she has since married, (2) the marriage of Linda to Ewing is not relevant to this change of custody case and (3) in order to change custody, there must be evidence that Baumrind has not been a good custodian of the children in addition to evidence of a change of circumstances.

The trial judge in the instant case heard both the original divorce action and this action for change of custody. We quote from the record the following remarks of the trial judge.

> The custody was awarded to the father because of her adulterous conduct and because I made a factual finding

that she was continuing that relationship. That's why the custody was awarded to him.

\* \* \* \* \* \*

She was guilty of adultery and the law is quite clear that he should have custody of the children and I awarded him custody of the children. The only change now is that she has married the man that she had the affair with. But I can't go back and take the children away from him because of that. He's had the children for about two years now. That would be the rankest sort of injustice.

In the case of *Baer v. Baer*, 318 S. E. (2d) 582 (S. C. App. 1984), this court held:

If the mother's affair constituted a change of circumstances sufficient to justify depriving her of the children's custody, then the mother's marriage to her paramour should require that her right of custody be reinstated because the marriage restored her moral fitness.

Although the quoted remarks of the trial judge are diametric both to the meaning and spirit of *Baer*, we do not hold that Linda's marriage to Ewing is, in itself, dispositive of this change of custody action; there are other factors related to custody which must be considered by the trial court after a full hearing in this case. We hold that Linda's remarriage, under the peculiar circumstances of this case, restored her moral fitness and negates consideration of her past conduct in the decisionmaking of this case.

And, additionally, at trial the judge in nonsuiting Linda made the following oral ruling:

... Not only did I find that she was guilty of adultery, I found that she was continuing that relationship. The law is quite clear under these circumstances, the aggrieved (sic) parent or spouse gets the custody of the children and that's what happened in that case. They have been operating under that order for two or three years now, however long its been. There's nothing to show that he hasn't been a good custodian for those children and for me to go back and change the custody of the children, I think of

course, that itself is bad for the children, changing custody and that would be the rankest sort of injustice to him and I think it would be detrimental to the children. There are very few occasions where I feel like non-suiting somebody in Family Court but I think this case justifies it and I so rule there has not been a sufficient showing on her part for me to require him to show, in effect, that he has been a good parent. I think its encumben (sic) on you to show he hasn't been before I would require him to come in and give his report, so to speak on his custody and his action.

The above ruling is clearly erroneous. In the first place, it is well established law that in the matter of custody of children, the children's welfare and best interests are the paramount considerations. We find no authority to the effect that this basic principle of law is subordinate to the proposition that the custodial parent has done a good job. The trial judge erred in holding that in order for him to change custody, Linda must show, in addition to a change of circumstances on her part, that Baumrind had engaged in conduct that adversely affected the welfare of the children.

For the reasons stated, the judgment below is reversed and the case is remanded for a trial *de novo*.

Reversed and remanded.

SANDERS, C. J., and CURETON, J., concur.