22553

Marie Williams Miller FISHER, Appellant v. Robert Warren MILLER, Respondent.

(344 S. E. (2d) 149)

Supreme Court

*Douglas L. Hinds* and *Hal M. Strange* of *Hinds, Cowan & Strange,* Georgetown, *for appellant.*

*Kenneth L. Mitchum,* Georgetown, *for respondent.*

Heard March 11, 1986.

Decided May 19, 1986.

FINNEY, Justice:

Appellant (Mother) initiated proceedings in the Family Court of Georgetown County seeking to gain custody of the parties' minor child from the respondent (Father), alleging a significant change of circumstances since the order awarding Father custody. The trial judge ordered custody to remain with the Father, reduced the Mother's visitation, and found the Mother in contempt of court. We affirm in part and reverse in part.

The proceedings which precipitated this appeal were all in equity and each proceeding was tried separately by a different judge; therefore, this Court may determine the facts in keeping with its view of the preponderance of the evidence.

*Townes Associates, Ltd., v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). We must look to all of the evidence and to the totality of the circumstances of the parents.

## CHANGE OF CUSTODY

The Mother alleges that she has remarried and could provide a better home environment than that presently afforded the parties' child. Based upon the required standard of review, we conclude that the trial judge applied and followed the appropriate standard in determining the burden upon a parent seeking to change custody. *Bolding v. Bolding,* 278 S. C. 129, 293 S. E. (2d) 699 (1982). The welfare and best interests of the child are of paramount consideration in custody cases. *Matthews v. Matthews,* 273 S. C. 130, 254 S. E. (2d) 801 (1979); and not every change of circumstances will warrant a change of custody, *Lowe v. Lindley,* 272 S. C. 143, 249 S. E. (2d) 750 (1978). Remarriage alone is not sufficient to warrant a change of custody. *Green v. Loveday,* 270 S. C. 410, 242 S. E. (2d) 441 (1978).

Broad discretion is given Family Court judges who observe the witnesses and are in a better position to judge their demeanor and veracity. *McAlister v. Patterson,* 278 S. C. 481, 299 S. E. 322 (1982). A careful review of the entire record convinces us that the trial judge was correct in declining to grant the Mother's request to change custody. We affirm.

## REDUCTION OF MOTHER'S VISITATION RIGHTS

The Mother faithfully exercised her visitation rights, traveling 900 miles per visit, by driving, riding a bus, or by catching a ride with a member of her family. She made this journey on fifty-two of sixty weekends available; and of the eight weekends missed, she explained that these were because of sickness, work, weather conditions or unavailability of transportation. The judge reduced the Mother's visitations and noted in the order that the modification was necessitated by the fact that the parties encountered problems with implementation of the prior visitation order.

The record reveals that there were problems between the parties with implementation of the order, but there is no showing or finding as to which of the parties was responsible for the implementation problems. Further, there was no finding that a reduction of the Mother's visitations was in the best interest of the child, *Matthews v. Matthews, supra,* nor of changed circumstances which would warrant a reduction in the Mother's visitation privileges. We recognize that the trial judge was trying to avoid some of the visitation implementation problems by setting more definite visitation periods. This could have been effectively accomplished without a reduction in the Mother's visitation privileges, which has the effect of penalizing the Mother for problems which appear to be based upon lack of communication or cooperation between the Mother and the Father.

We reverse so much of the trial judge's order as modifies the appellant's visitation privileges.

## CONTEMPT CITATION

The original order in this matter prohibited the parties from maintaining the child in an immoral and unwholesome environment. The trial judge found appellant had violated this order and fined her one hundred ($100.00) dollars for contempt of court. We find no abuse of discretion; therefore, we affirm the citation for contempt. *Jackson v. Jackson,* 241 S. C. 1, 126 S. E. (2d) 855 (1962).

Affirmed in part and reversed in part.

Ness, C. J., and Gregory, Harwell and Chandler, JJ., concur.