22826

Richard S. PINCKNEY, Respondent v. Andrea B. HUDSON, Appellant.
(364 S. E. (2d) 462)

Supreme Court

Gary D. Brown, Ridgeland, and James B. Richardson, Jr., of Richardson and Smith, Columbia, for appellant.

Cornelius J. Riley, of Law Offices of Darrell Thomas Johnson, Jr., Hardeeville, for respondent.

Heard Nov. 17, 1987.

Decided Jan. 25, 1988.

NESS, Chief Justice:

This is a child custody dispute. The court ordered custody changed from the appellant mother to the respondent father. We reverse.

On November 7, 1984, the parties were divorced. The decree provided for joint custody of the child and then proceeded to list the specific times the father would have custody including weekends, holidays, one week a month and other designated occasions. Both parents have remarried.

The father moved for an order holding the mother in contempt for alleged violation of the custody arrangements and also moved to change the custody exclusively with him. The motions were granted by the trial court and superseded by this Court.

The standard for determining whether custody should be changed is whether there is a substantial change in circumstances affecting the welfare of the child. *Cook v. Cobb*, 271 S. C. 136, 245 S. E. (2d) 612 (1978).

The changed circumstance relied on by the trial court was the mother had failed to comply with the custody arrangements ordered; however, the father also had failed to make the support payments, being substantially behind in his payments.

We do not find this to constitute a sufficient change of circumstances, especially since the change has not remained constant, nor has there been a sufficient showing that it is in the best interest of the child. *Matthews v. Matthews*, 273 S. C. 130, 254 S. E. (2d) 801 (1979). Not every change of circumstances will warrant a change of custody. *Lowe v. Lindley*, 272 S. C. 143, 249 S. E. (2d) 750 (1978). The alleged violations have no affect on appellant's fitness as a parent.

We reverse the order of the trial judge. Custody is continued with the mother under the original order of the trial court.

Reversed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.