1144

Victoria SEALY (Mollinet), Respondent v. Barbara N. SEALY and Carl F. Sealy, Appellants.

(368 S. E. (2d) 85)

Court of Appeals

*Michael L. Brown, Jr.*, Rock Hill, *for appellants.*

*Victoria Sealy (Mollinet), pro se.*

Heard March 22, 1988.

Decided April 25, 1988.

CURETON, Judge:

Respondent, Victoria Sealy Mollinet, petitioned the family court to change custody of her two daughters from their paternal grandmother to herself. The family court granted the petition. The father and grandmother appeal. We affirm.

Victoria Sealy Mollinet (mother) and Carl F. Sealy (father) were married in 1982 and divorced in 1985. They have two children ages five and three years. The divorce decree found both the father and mother unfit to have custody of the children due to their instability and immaturity and granted custody to the paternal grandmother. The mother's home environment was found to be morally unfit for raising the children because she was then living in an adulterous relationship with a man she subsequently married. The divorce decree provided custody would remain with the grandmother:

> "until a substantial change of circumstances occur [sic], or after six months have passed, if either party petitions the Court for custody and can show a substantial change of circumstances concerning their lives and their ability to care for the minor children."

The mother relies principally on two changes of condition to establish her right to a change of custody. She has now married her paramour with whom she began cohabitation just prior to the date of the divorce decree, and she and her new husband have established a home in Virginia. The trial judge found that there had been a substantial change of circumstances "in the lifestyle of the [mother]." He specifically noted the mother's remarriage, her establishment of a quiet and respectable home in Virginia, the fact she is a provider of day care services in her home and the fact she had become more responsible than she was at the time of the divorce hearing.

The appellants claim error in the court's finding the mother's circumstances have changed such as to warrant a change of custody. They argue: (1) remarriage alone is not a sufficient basis to change custody; (2) the father can provide a better home for the children; (3) the custody change requires a removal of the children from this State, which is contrary to the presumption against removal of a child from the State; and (4) the father is in a better financial condition than the mother to support the children. They also argue the trial judge's finding the mother is more responsible now than at the time of the divorce is not sustained by the record. As evidence of this, they point out she missed one-third of her visitation periods with her children, she fell behind in her child support payments, and has moved three times since the divorce.

We hold there is ample evidence to support the trial judge's finding that there had been sufficient change of circumstances to warrant a change of custody of the minor children from the grandmother to the mother.

A party seeking a change of custody assumes the burden of establishing facts and circumstances showing changed conditions that substantially affect the interest and welfare of the child. *Chandler v. Merrell*, 291 S. C. 227, 353 S. E. (2d) 135 (1987); *Rodgers v. Gray*, 285 S. C. 111, 328 S. E. (2d) 478 (1985); *Stutz v. Funderburk*, 272 S. C. 273, 252 S. E. (2d) 32 (1979). Such changed conditions must have occurred since the decree awarding custody. *McCoy v. McCoy*, 283 S. C. 383, 323 S. E. (2d) 517 (1984). Although this court's scope of review in child custody determinations allows us to find the facts in accordance with our view of the preponderance of the evidence, we will give broad discretion to the family court judge who observed the witnesses and was in a better position to evaluate their testimony. *Wilson v. Wilson*, 285 S. C. 481, 330 S. E. (2d) 303 (1985). In any event, the children's welfare and best interest will be the paramount consideration in any custody dispute. *Ewing v. Baumrind*, 283 S. C. 461, 322 S. E. (2d) 696 (Ct. App. 1984).

The appellants argue the only changed conditions the mother has shown are that she married her paramour and she no longer lives with her mother. They argue these changes provide insufficient justification for a change of

custody. We disagree with the appellants that the record shows only the changes asserted.

The evidence shows the mother's lifestyle has in fact changed since the divorce hearing. A serious negative factor mentioned in the divorce decree was the mother's general instability, characterized by moving around, drug abuse, and acts of immaturity. The mother testified she uses no drugs now. Although unemployed at the time of the divorce, the mother now operates a child day care service from her home. The trial court apparently considered this latter activity extremely significant because it indicated others trusted the mother to care for their young children.

Another strong negative factor mentioned in the divorce decree was the morality issue of the mother living in an illicit relationship with another man at the time of the divorce. We agree with the father that remarriage alone is insufficient basis for changing custody. *Fisher v. Miller*, 288 S. C. 576, 344 S. E. (2d) 149 (1986). However, remarriage which restores "moral fitness" has been recognized as a factor to be considered in awarding change of custody. *Stutz*, 272 S. C. at 277, 252 S. E. (2d) at 34.

While there is a presumption against removing a child from the state, a parent cannot be denied custody simply because that parent intends to take the child to another state. *Marshall v. Marshall*, 282 S. C. 534, 320 S. E. (2d) 44 (Ct. App. 1984). In regard to removal of the children from this State, we first note both natural parents were at the time of the hearing in this action living in Virginia, some twenty minutes driving distance from each other. Second, we point out the divorce decree granted the grandmother only temporary custody and contemplated custody would be awarded to one of the parents upon a showing the petitioning parent was then able to care for the children. Third, although the appellants' answer is not in the record, the Statement of the Case indicates the grandmother did not petition for custody of the children. Both she and the father requested permanent custody be awarded to the father. Therefore, contrary to the father's argument in his brief, the contest here is between the father and mother. It is not a contest of the mother against the father and grandmother. Finally, we think the evidence clearly shows the mother is

now a fit parent and as between her and the father she is the best parent to have custody. This conclusion was concurred in by the Guardian ad Litem.

The appellants also argue the father's financial condition is better than the mother's and he can provide a better home for the children. Admittedly, the father is in the Navy and has a higher income than the mother. However, there is no evidence in the record the children's needs will not be provided for if custody is awarded to the mother. This is especially so in view of the fact the mother can expect assistance from both the father and her present husband. As pertains to the father's ability to provide a better home for the children, the trial court concluded if custody were awarded to the father, custody would in fact remain with the grandmother. The father is in the Navy and while he claims the ability to obtain a reassignment to the Rock Hill or Charlotte area, he stated if he is reassigned he and the children would continue to live with his parents. The trial judge was apparently motivated by the realization that as between the father and the mother, the mother was the only one who had demonstrated a present intention to provide a home for the children.

The appellants also argue the mother's late payment of child support, failure to visit the children during all visitation periods, her third marriage while still in her late twenties, and the fact she has moved three times since the divorce are all indicative of her continued immaturity and instability. The trial court did not specifically address these matters. Despite our serious concern about these matters, we are convinced from the mother's explanations in the record that these matters are not of sufficient gravity to affect her fitness. As to her missing weekend visits with her children, we note the long distance from Virginia to Rock Hill and the fact she testified she had significant automobile repair problems during the period. Further, she acknowledged she became delinquent in her child support payments, but was current at the time of the hearing. Additionally, her residence changes during the period since the divorce were all in the Portsmouth-Newport News, Virginia, area.

Lastly, the appellants argue the custody order should be reversed because it fails to comply with Family

Court Rule 27(C). Ordinarily, a failure to comply with Rule 27(C) will result in a remand to the family court for compliance with the rule. Where, however, the record is adequate to enable this court to make its own findings from a review of the record, remand may not be necessary. *Sutton v. Sutton*, 291 S. C. 401, 353 S. E. (2d) 884 (Ct. App. 1987). In this appeal we are able to make findings from the record. Any deficiency in making factual findings does not in this case warrant remand. Additionally, while the trial order may have been fuller, we cannot say that it does not meet minimal compliance. *Peay v. Peay*, 260 S. C. 108, 194 S. E. (2d) 392 (1973).

The order of the trial court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.