499 S.E.2d 227

**James Randy ALLISON, Appellant,**

v.

**Belinda Jean EUDY, Respondent.**

No. 2818.

Court of Appeals of South Carolina.

Heard March 5, 1998.

Decided March 30, 1998.

Rehearing Denied May 21, 1998.

Adam Fisher, Jr., and Lynn W. Barrett, both of Fisher Law Firm, Greenville, for appellant.

Rodney M. Brown, Younts, Alford, Brown & Goodson, Fountain Inn, for respondent.

David J. Rutledge, Greenville, guardian ad litem.

GOOLSBY, Judge:

James Randy Allison appeals a family court order granting Belinda Jean Eudy, his former wife, sole custody of their daughter. We affirm in part and reverse in part.

Allison and Eudy divorced in 1993. When they divorced, they agreed to share custody of their child, who was about eight years old at the time, with Allison having primary custody and Eudy having secondary custody. Under this arrangement, Eudy was granted liberal visitation with the child. Eudy's visitation consisted of certain specified periods, including alternating weekends, every Wednesday after school until Thursday morning, and four weeks during the summer. The parties were to split the holidays and could arrange other visitation by agreement. Neither party had to pay child support.

In 1995, Allison filed for sole custody of the child, modification of the 1993 order, and child support. Eudy counterclaimed for sole custody of the child and child support.

The family court found "there had been a substantial and material change of circumstances due to the remarriage of

both parties, the new home and environment for [Eudy], and age and needs of the child, and the fact that joint custody was no longer working." The family court granted sole custody to Eudy, finding Allison "demonstrated a tendency to exclude [Eudy] from some of the basic aspects of the child's life, including medical, dental and educational involvement."

1. We agree with Allison that the family court abused its discretion in granting sole custody to Eudy.

■ In appeals from family courts, we have jurisdiction to find facts according to our own view of the preponderance of the evidence. *Hendricks v. Hendricks*, 285 S.C. 591, 330 S.E.2d 553 (Ct.App.1985). We elect to use that jurisdiction here.

Although the family court stated there was a substantial change of circumstances sufficient to warrant granting custody to Eudy, its order on Allison's motion for reconsideration reveals some uncertainty about the proper standard to apply when a parent in a joint custody arrangement seeks sole custody. In addition, that order, particularly its finding that "the scales tip in [Eudy's favor]," indicates the family court incorrectly treated the controversy as a de novo custody dispute.

■ In counterclaiming for sole custody of the child, Eudy had the burden to establish a material change of circumstances substantially affecting the child's welfare. *Cook v. Cobb*, 271 S.C. 136, 245 S.E.2d 612 (1978). This requirement applies to cases in which a parent seeks to alter a joint custody arrangement. *See Pinckney v. Hudson*, 294 S.C. 332, 364 S.E.2d 462 (1988) (applying the rule in *Cook v. Cobb* to a situation in which the original decree provided for joint custody).

■ In our view, the evidence Eudy presented failed to show a sufficient change of circumstances since the parties' divorce to justify the family court's decision to grant her sole custody. After reviewing the entire record, we find that although the parties' circumstances had changed since their divorce, these changes did not affect the child to the extent that her best interest would be served by granting Eudy sole custody. The evidence shows the child had been doing well,

academically and otherwise, while in Allison's primary custody. Notably, the guardian ad litem was of the view that there had been no change in circumstances to warrant a change in the primary placement of the child. Moreover, even if the evidence supported the family court's findings that Allison did not keep Eudy informed about the child's progress and cooperate with her so she could have additional time with the child, there is no evidence that these problems adversely affected the child or otherwise amounted to such a flagrant disregard of the prior order so as to warrant changing custody. *See Smith v. Smith*, 261 S.C. 81, 85, 198 S.E.2d 271, 273 (1973) ("The court may not award or change custody to punish a parent for acting in violation of the orders of the court."); Debra E. Wax, Annotation, *Interference by Custodian of Child with Noncustodial Parent's Visitation Rights as Ground for Change of Custody*, 28 A.L.R.4th 9 (1984) (stating interference by a child's custodian with the visitation rights of the noncustodial parent may constitute a change of circumstances justifying a change in custody only if such conduct bears on either the custodian's fitness or the child's best interest).

2. We likewise disagree with Allison's argument that the family court erred in not granting him sole custody of the child. We further find Allison failed to present sufficient evidence to support his requests to change Eudy's overnight mid-week visitation to daytime visitation on alternating weeks and to require Eudy to take her summer visitation in nonconsecutive two-week intervals. In his brief, Allison argues he made these requests because the joint custody arrangement had an adverse impact on the child's school schedule; however, the references to the record that he gave in his brief to support his argument showed only that the child stated she did not want to be with her mother "all the time" and that he and Eudy had trouble communicating and cooperating with each other. The record did not support a finding that these problems had affected the child to the extent that the present joint custody arrangement needed to be changed to one giving Allison sole custody. In addition, the guardian ad litem, despite his recommendation that Allison receive sole custody, also recommended that Eudy have specified visitation far in excess of what she had been granted under the prior order.

3. We, therefore, find no need to address Allison's remaining argument, *i.e.*, that the family court abused its discretion

in not fully considering the report of the guardian ad litem in making its custody determination. Nevertheless, we commend the guardian ad litem for the thorough investigation he conducted in this case and express our gratitude to him for his appearance on the child's behalf before this court.

**AFFIRMED IN PART, REVERSED IN PART.**

HEARN and STILWELL, JJ., concur.