511 S.E.2d 60

**Sonya Lynn PITT, Respondent,**

v.

**Brian Todd OLDS, Petitioner.**

No. 24880.

Supreme Court of South Carolina.

Heard Dec. 1, 1998.

Decided Jan. 18, 1999.

Rehearing Denied Feb. 22, 1999.

D. Mark Stokes, of N. Charleston, for petitioner.

Greg Myers, Pratt–Thomas, Pearce, Epting and Walker, of Charleston, for respondent.

Cindy M. Floyd, of N. Charleston, Guardian ad Litem.

WALLER, Justice:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Pitt v. Olds*, 327 S.C. 512, 489 S.E.2d 666 (Ct.App.1997). We reverse.

## FACTS

This is a custody dispute. Respondent, Sonya Pitt (Mother), and Petitioner, Brian Olds (Father), were married in Berkeley County in May, 1988. They had one child, Ashton, born in December, 1988. They were divorced in September, 1991 based on one year's continuous separation. The divorce decree granted the parties joint legal custody, with Mother having primary custody, and father having secondary custody and liberal visitation.

In March, 1993, Mother and Father consented to an order of the family court enjoining either of them from permanently removing Ashton from the State of South Carolina on a permanent basis prior to obtaining leave of court. In April, 1994, Mother, then age 23, married George Pitt, a 49 year old businessman from Arizona.[1] The following month, Mother petitioned family court seeking to permanently move with Ashton to Arizona to set up residence with her new husband. After a lengthy hearing, the family court ruled it would be "clearly adverse to the best interests of Ashton Olds were she to be removed from her family and friends, familiar surroundings, and her father here in South Carolina to … Phoenix, Arizona where she would be essentially a stranger and not have the necessary family support network …" The family court found no evidence a move to Arizona would be in the best interests of the child. Accordingly, the court continued the parties' joint custody arrangement with Mother having primary custody so long as she established permanent residency in the geographical area, but that if she failed to do so, Father would become primary custodian.

---

1. Father, age 23, married 20 year old Dian Olds shortly thereafter.

 

The Court of Appeals reversed, holding Mother's desire to join her new husband in Arizona constituted a "pressing need" sufficient to allow her to relocate the child to Arizona.

## ISSUE

Did the Court of Appeals err in holding Mother was entitled to remove the child to Arizona?

## DISCUSSION

In the absence of a change of circumstances affecting the welfare of the child, a final decree of divorce awarding custody in accordance with an agreement of the parties is conclusive between them. *Cook v. Cobb,* 271 S.C. 136, 245 S.E.2d 612 (1978). In order for a court to modify an existing custody decree, there must be a showing of changed circumstances occurring subsequent to the entry of the decree. *Heckle v. Heckle,* 266 S.C. 355, 223 S.E.2d 590 (1976). *See also Pinckney v. Hudson,* 294 S.C. 332, 364 S.E.2d 462 (1988) (change of circumstance requirement applies to cases in which a parent seeks to alter joint custody). A change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the child would be served · by the change. *Stutz v. Funderburk,* 272 S.C. 273, 252 S.E.2d 32, 34 (1979). This Court has specifically held that remarriage **alone** is not sufficient to warrant modification of a custody decree. *Fisher v. Miller,* 288 S.C. 576, 344 S.E.2d 149 (1986). *See also Sealy v. Sealy,* 295 S.C. 281, 368 S.E.2d 85 (Ct.App. 1988)

The Court of Appeals noted Mother's request to move with Ashton to Arizona was based **"solely on her wish to live with her husband in his state of residence."** 327 S.C. at 520, 489 S.E.2d at 670. (Emphasis supplied). The Court of Appeals then held that, given Mother's close relationship with Ashton, the trial judge erred in refusing her request. This was error. The effect of the Court of Appeals' holding is, in essence, to hold that Mother's remarriage, in and of itself, constitutes a sufficient change to modify the existing decree. This is contrary to our holding in *Fisher v. Miller, supra.* Moreover, not only are there no findings of changed circum-

stances sufficient to modify the custody decree, there are no findings by the Court of Appeals that a move to Arizona would be in Ashton's best interest. In sharp contrast is the order of the family court which specifically finds the move would **not** be in Ashton's best interests

As Mother failed to demonstrate a change of circumstances warranting a modification of the prior decree, the Court of Appeals erred in reversing the family court's order. Accordingly, the Court of Appeals' opinion is

**REVERSED.**[2]

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.

2. In light of our holding that Mother failed to show changed circumstances warranting modification of the custody decree, we need not address the implications of our opinion in *McAlister v. Patterson*, 278 S.C. 481, 483, 299 S.E.2d 322, 323 (1982) (setting forth presumption against removal of a child from the jurisdiction).