THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
SCACR.
THE STATE OF
 SOUTH CAROLINA
 In The Court
 of Appeals

 
 
 
 Laura C. Perry, Appellant,
 v.
 Coby G. Perry, Respondent.
 
 
 

Appeal From Edgefield County
 Kellum W.
Allen, Family Court Judge

Unpublished Opinion
No. 2009-UP-003
Heard December
2, 2008  Filed January 5, 2009

AFFIRMED

 
 
 
 Christian G. Spradley, of Saluda, and Katherine Carruth
 Link, of West Columbia, for Appellant.
 Robert L. Widener, of Columbia, for Respondent.
 Melissa L. Franklin, of Aiken, for Guardian Ad Litem.
 
 
 

PER CURIAM:  In this appeal from the denial of
 a request to transfer child custody, appellant, Laura C. Perry (Mother),
 asserts the family court erred in: (1) denying her request for sole custody of
 the children; (2) denying her request to designate her as the primary custodial
 parent; (3) denying her request to lift the residency restriction; (4) failing
 to address the issue of child support and failing to award child support; and
(5) making factual findings contrary to the weight of the evidence.   We affirm.
1.  As to Mother's request to transfer custody, the
 evidence reveals the children are doing well academically and otherwise despite
 the parties' alleged inability to communicate and cooperate under the current
 joint custody arrangement.  Accordingly, we find Mother has failed to meet her
 burden of establishing a change in circumstances sufficient to warrant a transfer
 of custody.  See Pinckney v. Hudson, 294 S.C. 332, 333, 364
 S.E.2d 462, 462 (1988) ("The standard for determining whether custody
 should be changed is whether there is a substantial change in circumstances
 affecting the welfare of the child."); Pitt v. Olds, 333 S.C. 478,
 481, 511 S.E.2d 60, 61 (1999) ("A change in circumstances justifying a
 change in the custody of a child simply means that sufficient facts have been
 shown to warrant the conclusion that the best interests of the child will be
 served by the change."); Sharpe v. Sharpe, 256 S.C. 517, 183 S.E.2d
 325 (1971) ("[T]he change of circumstance relied on for a change of
 custody must be such as would substantially affect the interest and the welfare
 of the child, not merely the parties, their wishes or convenience."); Woodall
 v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996) ("[T]he
 appellate court should be reluctant to substitute its own evaluation of the
evidence on child custody for that of the trial court.").
2.  As to whether the family court erred in denying
 Mother's request for primary placement of the children, we find no error.  Although
 the issue of primary placement was reserved in the divorce decree, the issue
 was only raised to the court in Mother's counterclaim and was not otherwise originally
 reserved in the joint custody agreement or its addendum.  Thus, a showing of a sufficient
 change in circumstances is warranted for a determination on this issue.  Accordingly,
 as we find Mother failed to meet her burden of establishing a change in
 circumstances affecting the welfare and best interests of the children, we find
 no error in the trial court's denial of primary placement at this time.  See Glanton v. Glanton, 314 S.C. 58, 60-63, 443 S.E.2d 810, 811-13 (Ct. App.
 1994) (finding mother's outlook and approach to child's education since the
 last court order have adversely affected the child so as to warrant a change in
primary placement).
3.  As to the residency restriction, the family court
 applied the correct best interest analysis in determining that relocation was
 not in the best interests of the children.  While we note that lifting the
 residency restriction may enhance Mother's life, we further find support for
 the family court's determination that lifting the residency restriction would
 not otherwise enhance the children's lives so as to be in their best interests. 
 Accordingly, we find Mother failed to meet her burden of establishing that relocation
 is in the best interests of the children.  See Latimer v. Farmer,
 360 S.C. 375, 380, 602 S.E.2d 32, 34 (2004) ("In all custody cases,
 including relocation cases, the controlling considerations are the child's
welfare and best interests.").
4.  With regard to child support, the family court, in
 reaffirming the joint custody agreement, denied Mother's request for support.  While
 an award of child support is subject to modification upon a showing of changed
 circumstances and is not determinative upon a change of custody, Mother failed
 to establish a sufficient change in circumstances to warrant a modification of
 the existing agreement.  See Upchurch v. Upchurch, 367 S.C. 16,
 624 S.E.2d 643 (2006) (finding husband's lack of concrete figures constitutes
 insufficient proof of a change in the children's needs or circumstances to
 modify the existing child support order).  Furthermore, we note the settlement
 agreement provides that Father alone bears the additional costs of various
 medical and educational expenses associated with the children.  Thus, based
 upon the absence of evidence of a sufficient change of circumstances, the
family court's denial of child support was not in error.
5.  As to Mother's assertion that the family court's
 findings of fact were contrary to the weight of the evidence, this issue is
 without merit as the family court's findings are amply supported by the
 evidence in the record.  Although Mother and Father presented different
 accounts of various occurrences, we are mindful of the deference given to the
 family court regarding witness testimony and credibility. See Latimer,
 360 S.C. at 380, 602 S.E.2d at 34 (noting the degree of deference given to the
 family court regarding witness credibility is especially critical in cases
 involving the welfare and best interests of the child).  Accordingly, we find no
reversible error.
AFFIRMED.
WILLIAMS, PIEPER, and GEATHERS, JJ..