**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Roy James Clayton, II, Appellant,

v.

Melissa Lee Clayton, Respondent.

Appellate Case No. 2012-209766

---

Appeal From Spartanburg County
Joseph W. McGowan, III, Family Court Judge

---

Unpublished Opinion No. 2013-UP-369
Heard September 9, 2013 – Filed October 9, 2013

---

**AFFIRMED**

---

S. Paul Aaron, of S. Paul Aaron, P.A., of Clemson, for Appellant.

Ruth L. Cate, of The Cate Law Firm, P.A., of Spartanburg, and Andrea Moore, of Children First Legal Services, LLC, of Fairforest, for Respondent.

Susan A. Fretwell, of Fretwell Law Firm, of Spartanburg, Guardian ad Litem.

**PER CURIAM:** Roy James Clayton, II, appeals a family court order denying his request to modify the visitation granted to Respondent Melissa Lee Clayton in a prior order and ordering him to pay Respondent's attorney's fees and the fees of the Guardian ad litem in their entirety. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.    As to the family court's refusal to order a permanent modification of the visitation granted to Respondent in a prior custody order: *Wilburn v. Wilburn*, 403 S.C. 375, 380, 743 S.E.2d 734, 738 (2013) (acknowledging the appellate court "exercises de novo review over appeals in family court cases," but further stating "the decision of the family court will be upheld unless the Court finds that a preponderance of the evidence weighs against the family court's decision"); *Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) (recognizing a change in custody analysis includes consideration of the child's best interest, but adhering to the principle that the party seeking to change custody must also show a change in circumstances occurring after the entry of the prior custody order); *Pitt v. Olds*, 333 S.C. 478, 481, 511 S.E.2d 60, 61 (1999) ("In order for a court to modify an existing custody decree, there must be a showing of changed circumstances occurring subsequent to the entry of the decree.").

2.    As to whether the family court erred in ordering Appellant to pay both Respondent's attorney's fees and the Guardian ad litem's fees in full: *Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223 (2012) (stating that although an appellate court exercises de novo review of attorney's fees awards in domestic relations cases, the appellant must show the preponderance of the evidence is against the family court's findings of fact); *Miles v. Miles*, 393 S.C. 111, 120, 711 S.E.2d 880, 885 (2011) (noting the party seeking modification of a child support obligation bears the burden to show by a preponderance of the evidence that an unforeseen change has occurred and that the change is substantial); *Simpson v. Simpson*, 377 S.C. 527, 538-40, 660 S.E.2d 278, 284-85 (Ct. App. 2008) (affirming an award of attorney's fees and costs that was approximately eighty-three percent of the appellant's potential annual income); *Hawkins v. Hawkins*, 403 S.C. 228, 242, 742 S.E.2d 677, 684 (Ct. App. 2013) (indicating the family court should consider the supporting spouse's earning potential when that spouse seeks to reduce a support obligation based on diminished income). We further note that although we do not approve of the grant of attorney's fees in lieu of child support, Appellant's counsel stated to this court that he was not appealing the family court's

designation of attorney's fees as an incident of child support. Based on this assurance, we decline to address the propriety of the family court's fashioning of awards of attorney's fees and Guardian ad litem's fees as support obligations for the purpose of avoiding their discharge in a bankruptcy proceeding. *See Lucas v. Rawl Family Ltd. P'ship*, 359 S.C. 505, 511, 598 S.E.2d 712, 715 (2004) (holding this court erred in addressing an unappealed ruling of the trial court).

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**