**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Chad Stephen Reynolds, Respondent,

v.

Kathleen Stone, Appellant.

Appellate Case No. 2023-001440

---

Appeal From Aiken County
Angela W. Abstance, Family Court Judge

---

Unpublished Opinion No. 2024-UP-172
Submitted May 8, 2024 – Filed May 13, 2024

---

**AFFIRMED**

---

John W. Harte, of John W. Harte Attorney At Law, LLC, of Aiken, for Appellant.

Rebecca West, of Harling & West, LLC, of Lexington; and Joan Elizabeth Smith, of Hull Barrett, PC, of Augusta, Georgia, both for Respondent.

Jacqueline Fogle Busbee, of Busbee Law Firm, of Aiken, as the Guardian ad Litem.

---

**PER CURIAM:** Kathleen Stone (Mother) appeals the family court's order finding a substantial change of circumstance and granting Chad Stephen Reynolds (Father) legal and physical custody of the parties' child and parenting time to Mother. On appeal, Mother argues the family court erred by (1) finding there was a change of circumstances justifying a change of custody, (2) finding that a change of custody to Father was in Child's best interest, (3) not fully considering the effect a change of custody would have on both of Mother's children in light of the fact Child has a half-sister, (4) allowing the custody evaluation into evidence before determining that a change of circumstances existed that justified a change of custody because the report contained allegations predating the prior custody order, (5) finding that Mother was not credible, (6) considering the failure to call Dr. Joe Holt or Dr. Mike Daniels as a witness to be evidence in support of a change of condition because the doctors were equally available to both parties, and (7) failing to apply all of the factors relevant to custody by considering evidence of events and conditions that occurred before the prior custody order was issued. We affirm pursuant to Rule 220(b), SCACR.

As to issue 4, we hold the family court did not err by admitting the custody evaluation into evidence before determining that a change of circumstances existed that justified a change of custody. Further, as to issue 7, we hold there is no evidence the family court relied on incidents or allegations that predated the prior custody order when making its determination in this case. *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (stating an appellate court reviews the family court's evidentiary or procedural rulings using an abuse of discretion standard).

As to issue 5, we hold there is evidence to support the family court's credibility finding of Mother. *See Brantley v. Brantley*, 441 S.C. 284, 294, 893 S.E.2d 349, 354 (Ct. App. 2023) ("The appellate court generally defers to the findings of the family court regarding credibility because the family court is in a better position to observe the witness and his or her demeanor." (quoting *Clark v. Clark*, 423 S.C. 596, 603, 815 S.E.2d 772, 776 (Ct. App. 2018))); *id.* ("The party contesting the family court's decision bears the burden of demonstrating the family court's factual findings are not supported by the preponderance of the evidence." (quoting *Clark*, 423 S.C. at 603, 815 S.E.2d at 776)).

As to issue 6, we hold the record does not support that the family court held Mother's failure to call Dr. Holt or Dr. Daniels as a witness against her. Moreover, this court, in its de novo review of the evidence, did not consider this in its

determination.  *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 (stating an appellate court reviews the family court's decisions de novo).

As to the remaining issues, we hold the family court did not err in finding a change of circumstances existed and granting Father custody of Child.  We further find custody of Child to Father was in Child's best interest.  Additionally, in its consideration of the child custody factors, the family court noted that Child had a half-sibling and that visitation should be structured to allow Child time with that sibling, thus the family court considered Child's relationship with her half-sibling in making its ruling.  *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 (stating an appellate court reviews the family court's decisions de novo); *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651-52 (2011) (providing that although an appellate court is allowed to make its own findings of fact, it is not required to ignore the family court's superior position to make credibility determinations); *Clark*, 423 S.C. at 604, 815 S.E.2d at 776 ("The paramount and controlling factor in every custody dispute is the best interest[] of the child[]." (quoting *Brown v. Brown*, 362 S.C. 85, 90, 606 S.E.2d 785, 788 (Ct. App. 2004))); S.C. Code Ann. § 63-15-240(B) (Supp. 2023) (stating the family court considers many factors in determining the best interest of the child when modifying a custody order); *Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) ("In order for a court to grant a change in custody, there must be a showing of changed circumstances occurring subsequent to the entry of the [custody order]."); *id.* ("A change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the child[] would be served by the change." (quoting *Stutz v. Funderburk*, 272 S.C. 273, 278, 252 S.E.2d 32, 34 (1979))); *id.* ("The change of circumstances relied on for a change of custody must be such as would substantially affect the interest and welfare of the child."); *Allison v. Eudy*, 330 S.C. 427, 429, 499 S.E.2d 227, 228 (Ct. App. 1998) ("This requirement applies to cases in which a parent seeks to alter a joint custody arrangement.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.